[No. 3,021.]

# THE PEOPLE OF THE STATE OF CALIFORNIA v. DAVID McAUSLAN AND FRANK McAUSLAN.

ERROR WILL NOT BE PRESUMED.—The presumption in the Supreme Court is that the proceedings below are correct, except in so far as the record manifests the contrary.

APPEAL FROM ORDER SETTING ASIDE VERDICT.—If, in a criminal case, the verdict of a jury be set aside on the ground that it is contrary to the evidence, and an appeal be taken from the order setting aside the verdict, the record must show what the evidence was, or the question as to the sufficiency or insufficiency of the evidence cannot be considered.

APPEAL from the County Court of Sutter County.

The facts are stated in the opinion.

*Attorney General Jo Hamilton*, for Appellant.

*J. O. Goodwin*, for Respondents.

By the Court, WALLACE, J.:

The defendants were tried, and, by the verdict of the jury, found guilty of the crime of assault with intent to commit murder.

They subsequently moved the Court below to set aside the verdict and grant them a new trial; the motion was sustained, and from the order granting the new trial the people have appealed.

The motion was made upon several grounds: that the verdict was found by unfair means and was not a fair expression of opinion on the part of the jury; misconduct of the jury in clandestinely procuring and drinking ardent spirits in the jury-room while deliberating upon their verdict; that the verdict was contrary to the law and the evidence; newly discovered evidence, etc. The order of the Court setting aside the verdict does not indicate upon what particular ground it was based. ᵃ

It is hardly necessary to repeat that the judgments and orders made below are not to be disturbed here, unless error is, in some way, made to appear by the record. Error will not be presumed; on the contrary, the intendment here is, that the proceedings below are correct, except in so far as the record manifests the contrary.

One of the statutory grounds of a motion for a new trial in a criminal case (Section 440) is that the verdict is contrary to the evidence. That was one of the grounds upon which the defendants moved below. For aught we can see, it is the ground, or one of the grounds, upon which the motion was granted. The record being entirely silent as to what was the evidence given on the trial, it is obvious that we have no means of considering the question of its sufficiency or insufficiency, or of determining the propriety of the action of the Court below in setting aside the verdict on that ground.

Order affirmed.