[Crim. No. 217.   First Appellate District.—May 31, 1910.]

THE PEOPLE, Respondent, v. JACKSON HATCH, Appellant.

CRIMINAL LAW—GROUNDS FOR SETTING ASIDE INDICTMENT—IRREGULARITIES IN IMPANELMENT OF JURY.—Under section 995 of the Penal Code, enumerating the grounds for setting aside an indictment, no mere irregularities in the formation and impanelment of the grand jury other than such as are grounds of challenge, either to the panel or to an individual juror, are grounds for setting aside the indictment.

ID.—GROUNDS OF CHALLENGE LIMITED TO DEFENDANT NOT HELD TO ANSWER.—The grounds of challenge to the panel of the grand jury or

to an individual grand juror can only be relied upon by a defendant who has not been held to answer before the finding of the indictment.

ID.—BILL OF EXCEPTIONS NOT SHOWING RIGHT OF CHALLENGE.—Where the bill of exceptions upon this appeal does not show that this defendant was not held to answer before the finding of the indictment, in the absence of such showing it cannot be presumed that he was not. The appellant must affirmatively show error, and as his right to rely upon grounds of challenge to the panel or to an individual juror depended upon his not having been held to answer before the finding of the indictment, the record on appeal must show it.

ID.—RECITAL IN MOTION TO SET ASIDE INDICTMENT NOT EVIDENCE.—A recital in the motion to set aside the indictment that the defendant had not been held to answer before the finding of the indictment is not evidence of that fact.

ID.—AFFIDAVIT UPON APPEAL NO PART OF RECORD.—An affidavit of the defendant filed in this court, which on its face does not appear to have been read or used on the hearing of the motion to set aside the indictment, but upon a motion for continuance of the hearing thereon, is no part of the record upon appeal.

ID.—EXCLUSION OF GRAND JURORS—OPINIONS AGAINST DEFENDANT—ADVICE OF DISTRICT ATTORNEY—REVIEW UPON APPEAL.—It is questionable whether the departure of three grand jurors from the jury-room while the grand jury was acting upon the indictment against the defendant, upon the advice of the district attorney, on the ground that they had expressed unfavorable opinions against the defendant, falls within the ground of motion to set aside the indictment on the ground that it was "not found, indorsed or presented," as prescribed in subdivision 1 of section 995 of the Penal Code. But in passing upon the action of the trial court the evidence must be viewed in the light most favorable to the action of the trial court.

ID.—PURPOSE AND EFFECT OF ACTION OF DISTRICT ATTORNEY.—The action of the district attorney was for the purpose of preventing disqualified jurors from acting upon the indictment. By reducing the number of the grand jurors, it reduced the chance for obtaining twelve affirmative votes for an indictment; and the defendant could not have been injured thereby.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—ADVICE TO GRAND JURY AS TO SUFFICIENCY OF EVIDENCE—VALIDITY OF INDICTMENT NOT AFFECTED.—The alleged misconduct of the district attorney in advising the grand jury that the evidence was sufficient to warrant an indictment, though disapproved of, cannot affect the validity of the grand jury, nor constitute a ground of a motion to set aside the indictment found thereby, not being included in any of the grounds specified in section 995 of the Penal Code.

ID.—COMPETENCY OF EVIDENCE BEFORE GRAND JURY NOT REVIEWABLE.—
While the law contemplates that only competent evidence be re-
ceived by the grand jury, yet if it should receive incompetent evi-
dence and should find an indictment thereon, there is no method
of reviewing its action in so doing.

ID.—NATURE OF INDICTMENT—ACCUSATORY PAPER—IRREGULARITIES NOT
REVIEWED.—An indictment is but an accusatory paper, and it was
not intended that on a motion to dismiss, irregularities before the
grand jury should be reviewed except as expressly provided in the
statute.

ID.—INDICTMENT—RECORD OF JUDICIAL BODY—FINALITY OF ACTION.—
An indictment is a record of the action of a judicial body, and
such action is final when there is no appeal therefrom and no other
method provided for reviewing it.

ID.—PROPER ACTION OF TRIAL COURT—REFUSAL OF PROOF—SUFFICIENCY
AND COMPETENCY OF EVIDENCE BEFORE GRAND JURY.—The trial
court committed no error in refusing to allow the defendant to
introduce evidence as to the sufficiency and competency of the evi-
dence heard by the grand jury. The court cannot inquire into the
sufficiency of proof, or the mode of examining witnesses to invali-
date an indictment.

ID.—MOTION TO STRIKE INDICTMENT FROM FILES.—A motion to strike an
indictment from the files is in substance and effect a motion to set
aside the indictment, and was properly denied.

ID.—DEMURRER TO INDICTMENT—PARTICIPIAL FORM OF AVERMENT.—The
use of the participial form of averment in alleging facts necessary
to the statement of an offense is not to be commended, but it is
sufficient in the face of a general demurrer under the liberal system
of pleading allowed in this state.

ID.—EMBEZZLEMENT—TWO OFFENSES NOT ALLEGED.—An indictment for
embezzlement does not charge two offenses in alleging both that
the defendant secreted the money with the fraudulent intent to
appropriate it and that he did fraudulently appropriate it.

ID.—CONJUNCTIVE AVERMENTS PERMISSIBLE.—Where, as in section 506
of the Penal Code, defining embezzlement, several acts are pro-
hibited and made punishable, the defendant may be charged con-
junctively with doing two or more of the prohibited acts, and the
indictment will not be open to attack for duplicity.

ID.—INSTRUCTION FOR DEFENDANT PROPERLY REFUSED—CORPUS DELICTI
—REASONABLE DOUBT—ADMISSIONS.—An instruction requested for
the defendant which required that the *corpus delicti* must be proved
beyond a reasonable doubt, before extrajudicial statements or ad-
missions of the defendant may be considered at all, was properly
refused. The correct rule is that there must be some proof of the
body of the crime before extrajudicial statements or admissions of
the defendant may be considered, but it is not required that such

proof shall go to the extent of establishing the crime beyond all reasonable doubt.

ID.—MISLEADING INSTRUCTION—"TRUST RELATIONS"—CIVIL DUTIES.— Where defendant testified that he borrowed money from the prosecuting witness, who denied such loans, and testified that he was her agent and attorney to negotiate loans and invest the money securely for her benefit, and it appeared that he was in fact insolvent when he claimed to have made the loans for himself without security, and did not disclose to her his financial condition, an instruction which, after stating the right of defendant to borrow money and the nature of the crime charged as a "misappropriation of property received by him in a trust relation," became prejudicially misleading by adding words applicable to mere civil duties: "In all matters connected with trust relations an agent, attorney or trustee is bound to act in the highest good faith toward his principal, client or beneficiary, and cannot obtain any advantage therein over the latter by the slightest misrepresentation, concealment, threat or adverse pressure of any kind."

ID.—CONTROVERTED MATTER BEFORE JURY—EMBEZZLEMENT OF MONEY OF PROSECUTRIX—NATURAL SUPPOSITION OF JURY.—The only controverted matter before the jury was as to whether or not defendant embezzled the money of the prosecutrix. They would naturally suppose that the instruction as to "trust relations" was intended to guide them in determining that question, and that it was intended to inform them that if he obtained a loan from her by the slightest concealment, he was guilty of embezzlement in so doing.

ID.—CORRECT STATEMENT OF LAW AS TO CIVIL RELATIONS—ERRONEOUS RULE FOR GUIDANCE OF JURY AS TO EMBEZZLEMENT.—While the latter part of the instruction was a correct statement of the law governing the relations of an agent or attorney and his principal concerning their respective duties and rights in their civil relations, it was misleading and incorrect as a rule for the guidance of a jury in determining whether or not the agent was guilty of embezzlement; and under the condition of the evidence, and in the connection in which the latter part of the instruction was given, it was erroneous and prejudicial to the rights of the defendant.

ID.—EVIDENCE OF DISTINCT EMBEZZLEMENTS.—Where the evidence for the prosecution shows that if defendant is guilty at all, he is guilty of several distinct embezzlements, and that the appropriations of moneys to his own use were not made at one time, but at different times and in different amounts, under such circumstances, each appropriation is a distinct offense.

ID.—DUTY OF DISTRICT ATTORNEY TO ELECT.—Where several substantive offenses have been proved, either one of which would support a verdict of guilty under the indictment charging one offense, the district attorney should elect as to which offense he will rely upon for a conviction.

ID.—PROOF OF RECEIPT OF SEPARATE MONEYS NOT REQUIRING ELECTION.
Proof of the mere receipt by the defendant of separate items of
money does not put the district attorney to an election of the
first item proved. It is not the receipt of the money, but the
fraudulent appropriation of it, which constitutes the offense; and
it will be possible for defendant to receive many items before em-
bezzling any money. It may happen that an aggregate sum of
money received at different times may be appropriated by one act.

ID.—PREJUDICIAL COURSE OF DISTRICT ATTORNEY—ERRONEOUS INSTRUC-
TION.—When, under the evidence, several distinct appropriations
were shown, it was prejudicially erroneous for the district attorney,
instead of electing to rely upon one of them, to secure an instruc-
tion that if the jury "should find that defendant was the agent,
attorney or trustee" of the prosecutrix, "and as such agent, attor-
ney or trustee he received her money as charged in the indictment,
and within three years" prior to the indictment "fraudulently
appropriated it to an amount above fifty dollars, not in the due
and lawful execution of his trust, but to his own use and benefit,
you must find the defendant guilty as charged in the indictment."

ID.—POWER OF JURORS UNDER INSTRUCTION.—Under such instruction, in
view of the evidence, the several jurors could range over the evi-
dence at will, and pick out any of a dozen or more offenses proved,
and found his verdict thereon; and no court could say from the
record of which offense proved under the indictment the jury found
the defendant guilty. No instruction should be given which will
permit the jurors to find upon more than one offense.

ID.—PROOF NOT LIMITED TO OFFENSE PROPERLY ELECTED.—Where the
district attorney has properly elected to rely upon one offense, the
proof is not limited to such offense only. In embezzlement cases,
other embezzlements may be proved for the purpose of proving
intent, system, knowledge or the like, and it is often proper to
prove offenses other than the substantive one upon which the
indictment is predicated.

APPEAL from a judgment of the Superior Court of Santa
Clara County and from an order denying a new trial. J. R.
Welch, Judge.

The facts are stated in the opinion of the court.

Walter H. Linforth, E. M. Rosenthal, Owen D. Richardson,
and Frank Freeman, for Appellant.

U. S. Webb, Attorney General, J. Charles Jones, and
Arthur M. Fee, District Attorney, for Appellant.

HALL, J.—The defendant was charged by indictment under section 506 of the Penal Code with having embezzled on the seventeenth day of February, 1908, the sum of $37,075.42 of the money of Sarah E. Sage, intrusted to him and in his control and custody as the agent, attorney and trustee of said Sarah E. Sage. He was found guilty as charged, and made a motion for a new trial, which was denied, and judgment pronounced. From the judgment and order denying his motion for a new trial he in due time appealed to this court.

Defendant at the proper time made a motion to set aside the indictment on various grounds specified in the motion. The motion was denied, and the proceedings thereon are set forth in the bill of exceptions.

The grounds upon which an indictment may be set aside are set forth in section 995 of the Penal Code, which is as follows:

"The indictment or information must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases. If it be an indictment:

"1. Where it is not found, indorsed and presented as prescribed in this code.

"2. When the names of the witnesses, examined before the grand jury, or whose depositions may have been read before them, are not inserted at the foot of the indictment, or indorsed thereon.

"3. When a person is permitted to be present during the session of the grand jury, and when the charge embraced in the indictment is under consideration, except as provided in section nine hundred and twenty-five.

"4. When the defendant had not been held to answer before the finding of the indictment, on any ground which would have been good ground for challenge, either to the panel or to any individual grand juror."

It is well settled in this state that under this section no mere irregularities in the formation and impanelment of the grand jury, other than such as are grounds of challenge, either to the panel or to an individual juror, are grounds for setting aside the indictment. (*People* v. *Southwell*, 46 Cal. 142; *People* v. *Welch*, 49 Cal. 174; *People* v. *Colby*, 54 Cal. 37; *People* v. *Hunter*, 54 Cal. 65; *People* v. *Schmidt*, 64 Cal. 260, [30 Pac. 814]; *People* v. *Goldenson*, 76 Cal. 328, [19 Pac. 161]; *Bruner* v. *Superior Court*, 92 Cal. 267, [28 Pac. 341].)

Most of the grounds relied upon by appellant are clearly of this character.

Others are grounds of challenge, and can only be relied upon by a defendant who has not been held to answer before the finding of the indictment (Penal Code, sec. 995, subd. 4). The bill of exceptions does not show that this defendant was not held to answer before the finding of the indictment. In the absence of such showing we cannot presume that he was not. The appellant must affirmatively show error, and as his right to rely upon grounds that would have been grounds of challenge either to the panel or to an individual juror depended upon his not having been held to answer before the finding of the indictment, the record on appeal must show it. (*People* v. *Holmes,* 118 Cal. 444, [50 Pac. 675]; *People* v. *Douglas,* 100 Cal. 1, [34 Pac. 490]; *People* v. *McAuslan,* 43 Cal. 55; *People* v. *Russell,* 156 Cal. 450, [105 Pac. 416].)

True, as one of the grounds of defendant's motion, it is stated, ''That this defendant had not been held to answer before the finding of said indictment,'' but such recital in the motion is not evidence of the fact. Appellant in this connection has called our attention to a copy of an affidavit of defendant filed in this court. But this is no part of the record on appeal, and on its face does not appear to have been read or used on the hearing of the motion to set aside the indictment, but upon a motion for a continuance of the hearing thereon.

So far as defendant now relies upon grounds that are cause for challenge, either to the panel or to an individual juror, the record does not show that he was in a position to raise such objections upon his motion to dismiss the indictment.

It is urged that the indictment was invalid and the motion to dismiss should have been granted because, as it is claimed, the district attorney excluded three grand jurors from participation in the proceedings resulting in the finding of the indictment. Presumably this is urged as showing that the indictment was ''not found, indorsed and presented as prescribed in'' the Penal Code (Penal Code, sec. 995, subd. 1). Whether or not the facts claimed to exist are grounds for a dismissal of the indictment is at least questionable. But in passing upon the action of the trial court we must view the evidence in the light most favorable to supporting the action

of the trial court. The district attorney's evidence upon this point is to the effect that after ascertaining from questioning the grand jurors that three of them may have entertained opinions upon the case to be submitted, and that such opinions were probably unfavorable to the defendant, he suggested that it would be better that such jurors retire and take no part in the investigation of the charges against Mr. Hatch. The three doubtful jurors accordingly took no part in the proceedings resulting in the indictment. The action of the district attorney was for the purpose of preventing disqualified jurors from acting upon the indictment. By reducing the number of jurors it reduced the chance for obtaining twelve affirmative votes for an indictment, and the defendant could not have been injured thereby. We have been cited to no case which holds that such action invalidates an indictment.

It is also urged that the indictment should have been set aside because, as it is claimed, the district attorney advised the grand jury that the evidence was sufficient to warrant an indictment. Unlike the preceding point, it cannot be claimed that this conduct affected the validity of the grand jury itself. It is presented simply as misconduct on the part of the district attorney. The authorities seem to be agreed that a district attorney should refrain from expressing an opinion to the grand jury as to the effect of evidence or the sufficiency thereof. But the only grounds for which an indictment found and returned by a valid grand jury may be set aside are those specified in section 995 of the Penal Code, and we do not think that this comes within any of the provisions of said section. The law contemplates that only competent evidence be received by the grand jury, yet if it should receive incompetent evidence and found an indictment thereon, there is no method of reviewing its action in so doing. An indictment is but an accusatory paper, and it was never intended that on a motion to dismiss, irregularities in the proceedings before the grand jury should be reviewed, except as expressly provided in the statute. "An indictment is a record of the action of a judicial body, and such action is final when there is no appeal therefrom and no other method provided for reviewing it." (*In re Kennedy,* 144 Cal. 634, [103 Am. St. Rep. 117, 78 Pac. 34].)

The court refused to allow the defendant to introduce evidence as to the sufficiency and competency of the evidence heard by the grand jury. In this the court committed no error. "The court cannot inquire into the sufficiency of proof, or the mode of examining witnesses, to invalidate an indictment." (*In re Kennedy,* 144 Cal. 634, [103 Am. St. Rep. 117, 78 Pac. 34].)

We have examined all the contentions of appellant as to the action of the court in denying his motion to set aside the indictment, and are unable to say that the court committed any error in its ruling.

Neither did the court err in denying appellant's motion to strike the indictment from the files. This motion was in substance and effect a motion to set aside the indictment, and was properly denied.

It is urged by the appellant that the court erred in overruling his demurrer to the indictment, which is drawn under section 506 of the Penal Code defining embezzlement by an agent, attorney and trustee. The fact that the defendant was the agent, attorney and trustee of Mrs. Sage, and that he had possession and was intrusted with her money as such agent, attorney and trustee, is not alleged in direct and positive terms, but only in participial form. Thus it is alleged that the defendant "being then and there the agent, attorney and trustee of one Sarah E. Sage, and being then and there intrusted with and having in his control and custody . . . as such attorney, agent and trustee &c., &c." This defect is not specifically pointed out in the demurrer, and under the rule laid down in *People* v. *Bradbury,* 155 Cal. 808, [103 Pac. 215], can only be considered under the general demurrer that the indictment does not state facts sufficient to constitute a public offense.

That the use of the participial form in alleging facts necessary to the statement of an offense is not to be commended we do not doubt, but it is sufficient in the face of a general demurrer under the liberal system of pleading allowed in this state. In *People* v. *Ennis,* 137 Cal. 263, [70 Pac. 84], the defendant was charged with perjury, and the fact that he had been sworn was only alleged in the participial form, thus: "Having taken an oath then and there before &c., &c." It was held sufficient. The court said: "The participial form

of the averment is not the best method of stating a fact; but it is sufficient under our liberal system of pleading.''

In *People* v. *Hamilton* (Cal.), 32 Pac. 526, defendant was charged with embezzling money that he had received as county clerk. The method of charging the official character of the defendant and his possession of the money was substantially the same as in the case at bar. The trial court ordered an arrest of judgment, and this order was reversed by the supreme court of this state. The court expressly held that the use of the past participle in alleging the official character of the defendant and his receipt and possession of the money did not render the indictment defective. The indictment in *People* v. *Page,* 116 Cal. 386, [48 Pac. 326], was drawn under the same section and in the same form as is the indictment in the case at bar, and it was held sufficient as against demurrer. (See, also, to similar effect, *People* v. *Piggott,* 126 Cal. 511, [59 Pac. 31] ; *People* v. *Carpenter,* 136 Cal. 392, [68 Pac. 1027].)

Neither does the indictment charge two offenses in alleging both that the defendant secreted the money with the fraudulent intent to appropriate it and that he did fraudulently appropriate it. Where, as in section 506, Penal Code, several acts are prohibited and made punishable, the defendant may be charged conjunctively with doing two or more of the prohibited acts, and the indictment will not be open to attack for duplicity. (*People* v. *Thompson,* 111 Cal. 242, [43 Pac. 748].)

The demurrer was properly overruled.

Many exceptions were taken during the course of the trial to rulings of the court, but we do not deem it necessary to notice any considerable number of them.

As the cause must be remanded for a new trial for errors committed by which defendant was prevented from having that fair trial to which under the law he was entitled, we shall only notice such errors and such other matters as we deem important for the guidance of the court upon the retrial.

The defendant was the agent and attorney of Sarah E. Sage for a period extending from the latter part of 1900 to about the close of 1907. During this time he attended to her business affairs, and received large sums of money for her as her agent and attorney, so that when a demand was finally made

upon him for a settlement and the payment of the amount of money in his hands belonging to Mrs. Sage, according to the theory of the prosecution he should have had in his hands money belonging to her to the amount of upward of $31,000. During the period covered by his employment defendant had from time to time rendered to Mrs. Sage written statements, showing the receipt and disbursement of moneys for her and balances on hand. When demand was made upon him for a final accounting and settlement, he furnished a statement of the condition of his account with Mrs. Sage, and, as witnesses for the prosecution testified, made certain oral statements, or admissions concerning the money that should have been in his hands.

The defendant requested the court to charge the jury as follows: "In determining whether or not a crime has been committed in this case, apart from who committed it, you must not consider any admission or statement of the defendant; you must carefully exclude from your minds any and every statement made or alleged to be made by the defendant, when you come to consider whether a crime has been committed; and on that question you must look exclusively to the other evidence in the case. If the other evidence in the case does not show the commission of the crime charged beyond a reasonable doubt, then the defendant must be acquitted, notwithstanding his statements or admissions, if any. In other words, the law prohibits a conviction of crime solely upon the statements or admissions of the defendant." The court refused to give this instruction, and was justified in so doing. The vice of the instruction is that it requires that the *corpus delicti be proved beyond any reasonable doubt* before extrajudicial statements or admissions of defendant may be considered at all. This is not the law. The correct rule is laid down in *People* v. *Jones,* 123 Cal. 65, [55 Pac. 698]. While it is true that there must be some proof of the body of the crime before extrajudicial statements or admissions of the defendant may be considered, it is not required that such proof shall go to the extent of establishing the crime *beyond all reasonable doubt.*

The evidence of the people tended to prove that the defendant had used for his own purposes from time to time money that had come into his hands as the agent and attorney of Mrs. Sage in the aggregate of between $30,000 and $32,000.

Defendant claimed, and so testified, that of this amount he had borrowed from Mrs. Sage at different times sums of money aggregating about $30,000, and was, and always had been, able and ready to pay to her the balance. Mrs. Sage testified that she had never authorized or knew of any of the so-called ''loans'' to defendant. The evidence also tended to show substantially without dispute that at the times that defendant claimed to have borrowed such sums of money from Mrs. Sage he was her agent and attorney, and was in a very bad way financially; that he was in fact insolvent; but made no disclosure to her of his condition, and took or made the loans to himself without giving any security to Mrs. Sage therefor. Much prominence had been given in the cross-examination of defendant as to his want of good faith in his dealings with Mrs. Sage in negotiating the alleged loans from her. In this connection, although the court charged the jury that defendant had a legal right to borrow money from Mrs. Sage, it further charged the jury as follows: ''You will observe that the essential element of the offense of embezzlement of which the defendant is charged is the fraudulent conversion or misappropriation by the defendant of property received by him in a trust capacity. In all matters connected with trust relations an agent, attorney or trustee is bound to act in the highest good faith toward his principal, client or beneficiary, and cannot obtain any advantage therein over the latter by the slightest misrepresentation, concealment, threat or adverse pressure of any kind.''

Under this instruction the jury would probably understand that though the money had been loaned by Mrs. Sage to defendant, yet if such loan or loans were obtained without a full disclosure of his condition by him to her, he would be guilty of embezzlement of the money thus loaned. If there could be any doubt about this construction being placed upon this instruction by the jury, such doubt is removed by the fact that after deliberating upon their verdict the jury returned into court and asked for the reading of this instruction. It and others were read, and they subsequently returned the verdict of guilty as charged.

The only controverted matter before them was as to whether or not defendant had embezzled the money of Mrs. Sage. They naturally would suppose that this instruction was in-

tended to guide them in determining that issue, and that it was intended to inform them that if he obtained the loan of her money from her by the slightest concealment, he was guilty of embezzlement in so doing. While the latter part of the instruction was a correct statement of the law governing the relations of an agent, or attorney, and his principal concerning their respective duties and rights in their civil relations, it was misleading and incorrect as a rule for the guidance of a jury in determining whether or not the agent was guilty of embezzlement. Under the condition of the evidence as above indicated, and in the connection in which the latter part of the instruction was given, it was erroneous, and we think clearly prejudicial to the rights of the defendant.

We now come to a matter that must be discussed in several aspects. As we have already stated, the defendant was charged with the embezzlement of $37,075.42. The evidence given by the people proved that he should have had on hand when a final settlement was demanded of him about $32,000 in money belonging to Mrs. Sage. This amount includes the moneys that he claimed had been loaned to him, and which Mrs. Sage testified she had never loaned or consented should be loaned to defendant or knew that he had loaned to himself. When the prosecution had closed its case in chief it was quite clear that if defendant was guilty at all, he was guilty of several distinct embezzlements. The statements that he rendered to Mrs. Sage from time to time indicated that he had from time to time loaned the money of Mrs. Sage, claimed to have been embezzled, in various amounts. Upon these statements the so-called loans were indicated by numbers only, although *bona fide* loans to other people were indicated by the name of the borrower. Mrs. Sage testified that she did not authorize these loans to defendant, and had never consented that he should loan such moneys to himself. There is abundant evidence in the writings to support her testimony. No reasonable person can read the record in this case without being convinced that if defendant is guilty at all, he is guilty of several distinct embezzlements. The money appropriated by him was not appropriated at one time but at different times and in different amounts. It is perfectly clear from the record that when the demand was made upon defendant for a final settlement he did not have on hand

$30,000, or any considerable portion thereof, but had used upward of $30,000 of Mrs. Sage's money for his own purposes, but the appropriations had been made at various times and in various amounts. Under such circumstances each appropriation is a distinct offense. (*Edelhoff* v. *State,* 5 Wyo. 19, 36 Pac. 627].) Under such circumstances a demand for payment of a general balance does not consolidate into one offense the several embezzlements previously committed.

Where several substantive offenses have been proved, either one of which would support a verdict of guilty under the indictment charging one offense, the district attorney should elect as to which offense he will rely upon for a conviction. (*People* v. *Castro,* 133 Cal. 11, [65 Pac. 13] ; *People* v. *Williams,* 133 Cal. 165, [65 Pac. 323] ; *Edelhoff* v. *State,* 5 Wyo. 19, [36 Pac. 627] ; *Goodhue* v. *People,* 94 Ill. 37; *West* v. *People,* 137 Ill. 189, [27 N. E. 34, 34 N. E. 254] ; *State* v. *Crimmins,* 31 Kan. 376, [2 Pac. 574] ; *Mayo* v. *State,* 30 Ala. 32; *Stockwell* v. *State,* 27 Ohio, 563; *Bainbridge* v. *State,* 30 Ohio St. 264.)

In the case at bar a statement furnished by defendant to Mrs. Sage was introduced in evidence early in the trial. This statement showed the receipt of various sums of money during the period covered by the statement. Defendant asked the court to direct the district attorney to indicate which item he relied upon as supporting the charge set forth in the indictment. To this the district attorney replied in effect that he would connect all with the charge made in the indictment, and the request of the defendant was denied. In this the court committed no error. At this stage of the trial no offense at all had been proved, and it did not appear that more than one offense would be proved. Although the evidence at this point showed the receipt of several items or different sums of money, the embezzlement does not consist in the receipt of the money but in its fraudulent appropriation. Before a fraudulent appropriation can be supported, it must of course be shown that money has been received. It may happen that an aggregate amount may finally be appropriated by one act which was received in many items and at different times.

The defendant at several stages renewed his motion, and at different times objected to the admission of evidence upon

the theory that the proof of the first item of receipts was in law an election to predicate the charge upon that item. Appellant is mistaken in this. The mere receipt of any item of money was not an embezzlement of such item, and when the motion for an election was renewed, it is not at all clear that any embezzlement had been proved. No such motion was made at the close of the people's case or afterward. Nevertheless the course pursued by the district attorney has resulted in an error prejudicial to the defendant in a vital right. The court instructed the jury that "if you should find that the defendant was the agent, attorney or trustee of Sarah E. Sage, and as such agent, attorney or trustee he received her money as charged in the indictment, and within three years prior to March 23, 1908, fraudulently appropriated it to an amount above fifty dollars not in the due and lawful execution of his trust, but to his own use and benefit, you must find the defendant guilty as charged in the indictment."

If there had been but one offense of embezzlement proven by the evidence, this charge would have been correct; or if the court had limited the jury in clear and explicit language to the consideration of but one of the offenses proven. But in the case at bar, under the one charge set forth in the indictment several distinct and separate fraudulent appropriations had been proven, and no election had been made as to which was the substantive offense upon which the indictment was predicated. Under this instruction, in the condition of the evidence in the record, the jury could bring in a verdict of guilty as charged although each juror founded his verdict upon a different offense from that considered proven by every other juror in the box. Under this instruction, the several jurors could range over the evidence at will, and pick out any one of the dozen or more offenses proven, and found his verdict thereon. No court can say from this record of which offense proven under this indictment the jury found the defendant guilty.

In the case of *Edelhoff* v. *State*, 5 Wyo. 19, [36 Pac. 627], the defendant was charged with the embezzlement of $208, which was the aggregate of eighteen months' rentals collected by him for his employers. The evidence showed that each month's rental had been converted as collected. The case was

reversed, the court saying, "No man should be tried or convicted of several offenses when he is charged with but one."

But we need not go out of our own state for authority that such an instruction as we are now considering under the facts of the case is prejudicially erroneous. In *People* v. *Williams,* 133 Cal. 165, [65 Pac. 323], the evidence showed that defendant had been guilty of several offenses, to wit, several rapes upon the same person, and the court gave an instruction to the effect that if the jury found that defendant had had sexual intercourse with the prosecutrix at any time within three years before the finding of the indictment, she being under sixteen years of age, etc., they must find him guilty. It does not appear that in the Williams case any attempt had been made to secure an election by the prosecution, or that any objection had been made to the evidence proving the several offenses; yet the court held such an instruction erroneous. The court said: "A verdict of guilty could have been rendered under such an instruction, although no two jurors were convinced beyond a reasonable doubt, or at all, of the truth of the charge as to any one of these separate offenses. . . . Such a trial, upon a charge so indefinite as to circumstance of time or place, or any particular, except by the general designation, would be a judicial farce, if it were not something a great deal worse." The court concluded by saying that when a charge may be supported by proof of one of several distinct offenses, the district attorney should indicate at the commencement of the trial what particular offense he intends to prove in support of the indictment. Such should be the rule in the case at bar, and no instruction should be given which will permit the jurors to found their verdict upon more than one offense.

In what we have said concerning the several offenses proven in this case we do not wish to be understood as indicating that only one offense can be proven by the district attorney. In embezzlement cases, as in some others, the proof is not always confined to proof of one offense. For the purpose of proving intent, system, or knowledge and the like, it is often proper to prove offenses other than the substantive offense upon which the indictment is predicated. (*People* v. *Gray,* 66 Cal. 271, 5 Pac. 240; *Edelhoff* v. *State,* 5 Wyo. 19, [36 Pac. 627].)

As the cause must be remanded for a new trial for the errors above discussed, we do not deem it necessary to pass upon the other points raised by appellant.

The judgment and order are reversed, and the cause remanded for a new trial.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after the judgment in the district court of appeal, was denied by the supreme court on July 28, 1910.