**LAWRENCE v. UNITED STATES.**

No. 11432.

Circuit Court of Appeals, Ninth Circuit.

May 23, 1947.

---

Edmund J. Holl, of Reno, Nev., and Kendrick Johnson, of San Francisco, Cal., for appellant.

Miles N. Pike, U. S. Atty., of Reno, Nev., for appellee.

Before STEPHENS, BONE, and ORR, Circuit Judges.

ORR, Circuit Judge.

Lawrence, appealing from a judgment of conviction for transporting a woman in interstate commerce for purposes of prostitution, in violation of 18 U.S.C.A. § 398, raises four main points challenging (1) the sufficiency of the indictment; (2) the admission of testimony showing similar relations of appellant with a prostitute other than the one alleged to have been transported; (3) certain impeaching questions which the trial court allowed an impeaching witness to answer on cross-examination and (4) the misconduct of the United States attorney.

Weatherby, the complaining witness, worked as a prostitute in San Francisco under an arrangement with appellant whereby she gave him the bulk of her earnings. Later, appellant told Weatherby that she was going to Battle Mountain, Nevada, to continue her work. She testified that appellant drove the car in which she was a passenger part of the distance; that appellant informed her he was not supposed to drive across the state line; that some other person drove the car across, but appellant again took the wheel after crossing the line. The parties continued on to Battle Mountain where Weatherby con-

tinued to practice prostitution at a place called the Ace Club. Appellant paid with his personal check $300 of the first month's rental on a lease of the Ace Club, executed in the name of one Bennett.

The credibility of the witness Weatherby is argued and it is sought to avoid the rule that we will not weigh the evidence by maintaining that the testimony of said witness was so thoroughly discredited as to render it unworthy of belief. We are unable to make any such appraisal of the evidence. The jury evidently accepted the testimony of Weatherby and rejected contrary evidence of other witnesses. This was within the province of the jury. Her evidence, taken in connection with other competent evidence in the record, was ample to support the verdict.

Turning to the attack on the sufficiency of the indictment we find that:

First: The indictment alleged that appellant "did knowingly transport, cause to be transported and aid and assist in transporting in interstate commerce" Weatherby for immoral purposes. Appellant contends that this indictment, because it charges three distinct offenses, fails to inform him adequately of the nature of the crime with which he is charged.

We cannot agree. If appellant felt unable to defend, or to prepare himself for trial because of lack of information as to the accusation against him, his remedy was a motion for a bill of particulars. No such motion was made. Appellant did not complain as to the insufficiency of the indictment until this appeal.

People v. Hatch, 13 Cal.App. 521, 109 P. 1097, is cited, but there the court found there was only one charge of embezzlement set out in the indictment whereas the evidence showed several separate fraudulent appropriations. Under these circumstances, the California court quite properly held erroneous an instruction which failed to limit the jury to the consideration of only one of the offenses proved, applying the familiar rule that where several substantive offenses are shown, the Government must elect as to which was the substantive offense on which the indictment was founded. Neither People v. Hatch, 13 Cal.App. 521, 109 P. 1097, nor People v. Dutra, Cal.App., 171 P.2d 41, also cited by appellant, is applicable to the instant case. Here, the evidence disclosed but one substantive offense, and the indictment fully apprised appellant of the nature of that offense.[1]

Second: One Snyder, a Government witness, testified, among other things, that she followed the same occupation, and at the same time, as Weatherby in San Francisco; that she and appellant lived in an apartment frequented by other women of the same status; that appellant told her what charges she should impose; that she was given a small allowance from her earnings; that appellant purchased her clothes; that she worked under "the same deal" as Weatherby; that she later went to Battle Mountain where both she, Weatherby, and other inmates of the San Francisco apartment continued to work as prostitutes in Nevada; and that appellant kept records or books under the various girls' first names.

Appellant, testifying in his own behalf, admitted that he knew Snyder and that he had discussed with her the question of her engaging in prostitution. He denied that girls had given him money "on the ground of prostitution. What they did do was they threw me as a gift some money [sic]." He also admitted that he had talked to other women about prostitution, and that Snyder had lived at his apartment in San Francisco with Weatherby.

Appellant contends that the testimony tended to connect him with the commission of other crimes and acts of wrongdoing and, inasmuch as the admission of said evidence did not come within any of the exceptions to the rule excluding evidence of other offenses, his objections to Snyder's testimony should have been sustained.

1 Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632, cited by appellant as a case where a similar count in an indictment was admitted to be bad, was merely a case where counsel for the Government, in the Supreme Court, admitted that they did not have sufficient evidence to support that particular count and requested that the conviction already obtained on that count be set aside. 276 U.S. at page 415, 48 S.Ct. 373, 72 L.Ed. 632.

The evidence in question was competent to show appellant's intent in taking Weatherby to Nevada. Intent is, of course, one of the material issues in a prosecution such as this.[2]

In the Krulewitch case (footnote 2), the Second Circuit Court of Appeals held, in a prosecution under the same statute involved here, that the testimony of a prostitute, other than the one alleged to have been taken across a state line, that appellant had made his living from her earnings, was competent on the issue of his purpose in taking the complaining witness there from New York to Florida, "for it fell within the well-established doctrine that other instances of similar conduct are competent to prove intent (or purpose) upon the occasion for which the accused is on trial." 145 F.2d at page 80, 156 A.L.R. 337. In the same case that Court laid down the following test:

" * * * The competence of evidence in the end depends upon whether it is likely, all things considered, to advance the search for the truth; and that does not inevitably follow from the fact that it is rationally relevant. * * * The question is always whether what it will contribute rationally to a solution is more than matched by its possibilities of confusion and surprise, by the length of time and the expense it will involve, and by the chance that it will divert the jury from the facts which should control their verdict." 145 F.2d. at page 80, 156 A.L.R. 337.

In Tedesco v. United States, supra, (footnote 2), we held admissible testimony of a prostitute that defendant had suggested she try a certain house in Oregon as a fit place to practice her trade. This testimony was held competent as tending to prove the intent with which defendant transported another woman across a state line. And in Neff v. United States, (footnote 2), after stating the same rule, the court said:

"Questions as to the admissibility of this class of evidence are within the wise discretion of the trial court and its rulings as to the same should not be interfered with by a reviewing court unless it is clear that the questioned evidence has no connection or bearing upon any of the issues involved in the charge." 105 F.2d. at page 692.

The motion to strike the testimony of Snyder was correctly denied, her testimony being both relevant and competent to prove appellant's intent.

Appellant cites Mackreth v. United States, 5 Cir., 103 F.2d. 495, but that case is clearly inapplicable since there the evidence was held insufficient to support a conviction for violation of the Mann Act, 18 U.S.C.A. § 397 et seq., and the court merely stated that evidence that the defendant had served a prison term, and evidence that he had engaged in swindling would not tend to show a violation of the Mann Act.

Similarly, People v. Zemavasky, 20 Cal. 2d. 56, 123 P.2d 478, also cited by appellant is not in point since there the court held that the evidence complained of "could have no purpose other than to blacken the reputation and character of appellant without in any manner tending to prove any of the elements of the crime of which appellant stands convicted." 20 Cal.2d. at page 62, 123 P.2d at page 481.

Third: Appellant called one Ledford for the purpose of impeaching Weatherby's testimony. On cross-examination Ledford was asked, without objection, whether she was a prostitute and, after answering in the affirmative, was later asked whether she had recently worked at her occupation. Objection to this question was overruled. No prejudice could result from this ruling. The witness had testified without objection as to her business.

Fourth: Additional questions asked of Ledford relating to the medical examination required of such women, and the fact that she was found to be pregnant, were also answered without objection. The trial court then sustained objection to questions as to whether the witness had worked at her trade after discovering her condition.

The asking of these questions, and the cross-examination of one Lehew (also

[2] United States v. Krulewitch, 2 Cir., 145 F.2d 76, 156 A.L.R. 337; United States v. Pape, 2 Cir., 144 F.2d 778; certiorari denied 323 U.S. 752, 65 S.Ct. 86, 89 L.Ed. 602; Tedesco v. United States, 9 Cir., 118 F.2d 737; Neff v. United States, 8 Cir., 105 F.2d 688.

called by appellant to impeach Weatherby's testimony) are assigned by appellant as the basis of his contention that the United States attorney was guilty of prejudicial misconduct.

Lehew, after testifying on direct examination that she had been in jail with Weatherby and Ledford, was asked on cross-examination when she last practiced prostitution, to which question objection was sustained. She was then asked if she had given testimony in a similar case two weeks previously. Her answer to this question was stricken from the record.

Appellant cites Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314, in support of this assignment, but we may say here as we recently said in Schwartz v. United States, 9 Cir., 160 F.2d. 718, 721:

"The actions complained of in the Berger case, supra, and the conduct complained of here differ so widely as to at once demonstrate the utter lack of merit in appellant's charge."

None of the questions asked on cross-examination directly involved appellant. They were merely attempts by the United States attorney to impeach an impeaching witness and whenever proper and timely objections were interposed the trial court promptly sustained such objections. No prejudice resulted to the defendant from the questions asked.

Judgment affirmed.