## UNITED STATES v. FLEENOR.
### No. 9862.

United States Court of Appeals
Seventh Circuit.
Oct. 25, 1949.

Rudell Fleenor, pro se.

B. Howard Caughran, United States Attorney, Indianapolis, Indiana, Elba L. Branigan, Jr., Assistant United States Attorney, Maurice W. Graston, Assistant United States Attorney, Indianapolis, Indiana, for appellee.

Before MAJOR, Chief Judge, and KERNER and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

Defendant was tried and convicted in the United States District Court for the

Southern District of Indiana on a two-count indictment, each of which charged a violation of what is known as the White Slave Traffic Act, 18 U.S.C.A. § 398 [now § 2421]. The judgment based upon such conviction was appealed to this court and affirmed. United States v. Fleenor, 7 Cir., 162 F.2d 935. As a result of such conviction and judgment, the defendant is now confined in the United States Penitentiary at Leavenworth, Kansas.

On November 3, 1948, defendant filed in the same court wherein the judgment against him was entered a motion to vacate the judgment and sentence. The United States entered a motion to dismiss defendant's motion upon the ground that it failed on its face to state facts entitling defendant to the relief sought. A supplemental motion was filed by the government to dismiss defendant's motion on the ground that the court was without jurisdiction. On February 19, 1949, the Honorable Robert C. Baltzell, the same Judge who presided at defendant's original trial and who entered the judgment against him now sought to be vacated, without a hearing and consequently without making findings of fact or conclusions of law, dismissed defendant's motion. The instant appeal comes from this order.

The defendant is not represented by counsel, and being confined in the penitentiary was unable to appear for oral argument. The government waived oral argument so the cause is being considered on the written briefs and arguments submitted by the respective parties. The defendant not being represented by counsel, we have given more than ordinarily careful consideration to the contentions which he advances.

§ 2255, Title 28 United States Code Judiciary and Judicial Procedure, effective September 1, 1948, authorizes the court which has imposed a sentence to "vacate, set aside or correct the sentence" upon motion of a prisoner upon certain designated grounds which so far as here material are "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." The essence of defendant's attack upon the judgment is that the indictment upon which he was tried did not state an offense within the language of the statute upon which it was predicated and that the judgment was, therefore, void and of no effect. Or, to put it another way, that the court was without jurisdiction to enter the judgment inasmuch as defendant was tried upon an indictment which failed to allege the commission of a crime.

The defendant also contends that the court erred in dismissing his motion without granting a hearing thereon and without making findings of fact and conclusions of law. The pertinent language of § 2255 relative to this latter contention is: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall * * * grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." It thus appears that the court has a mandatory duty to make findings of fact and conclusions of law "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Thus, we must determine if the court was justified in dismissing defendant's motion without a hearing and without making its findings of fact and conclusions of law.

Prior to a consideration of that question, it appears appropriate to dispose of the contention of the government that defendant's motion was properly dismissed because the court was without jurisdiction. This was the reason assigned in the government's supplemental motion to dismiss, although it was not pointed out why the court did not have jurisdiction. In this court it is contended that the lower court was without jurisdiction because defendant's motion did not show on its face that he had obtained the authority or consent of this court to file the motion. It is argued that inasmuch as the judgment of the trial court was affirmed by this court, the judgment by which the defendant now stands committed is in effect the judgment of this court. No authority is cited which sustains this contention, and we know of

none. In our view, the contention is devoid of all merit. Certainly there is no language in § 2255 which supports such a conclusion. On the other hand, the language of the provision plainly negatives such a condition as a prerequisite to the filing of such a motion in the court which imposed the sentence.

This brings us to a consideration of defendant's primary contention, that is, that the indictment upon which he was tried and convicted is void for failure to charge a crime. We think there is no merit in this contention. The pertinent portion of the statute, Title 18 U.S.C.A. § 398, reads: "Any person who shall knowingly transport or cause to be transported, or aid or assist in obtaining transportation for, or in transporting, in interstate or foreign commerce * * * any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose * * * shall be deemed guilty of a felony * * *." Count I of the indictment, so far as pertinent, charged that "Rudell Fleenor unlawfully, knowingly, wilfully, and feloniously transported, caused to be transported and aided and assisted in obtaining transportation for and in transporting in interstate commerce [from a certain designated point in the State of Illinois to a certain designated point in the State of Indiana] two women [naming the women], for the purpose of fornication, adultery, debauchery, and prostitution." Count II of the indictment is in exactly the same language except it alleges a different date, the name of a different woman and that the transportation was from a designated point in Kentucky to a designated point in Indiana.

◼◼ It will be noted that the offenses charged are in the language of that portion of the statute above quoted. Under numerous cases which could be cited, it is not open to argument but that the indictment was legally sufficient. See Tedesco v. United States, 9 Cir., 118 F.2d 737; United States v. Hunt, 7 Cir., 120 F.2d 592, certiorari denied, Hunt v. U. S., 314 U.S. 625, 62 S.Ct. 97, 86 L.Ed. 502; Lawrence v. United States, 9 Cir., 162 F.2d 156. Defendant's confusion arises from the failure to recognize or understand that § 398

describes a number of offenses, even though they are similar in nature and described in similar but in some instances different phraseology. Defendant attempts to demonstrate the invalidity of the indictment by calling attention to certain elements which the court enumerated in its charge to the jury as constituting the offense charged. We have examined the court's charge and in some respects what the defendant asserts is true, but, even so, the validity of the charge contained in the indictment is not dependent upon the court's instructions to the jury. A variance between the charge contained in the indictment and the court's instructions to the jury might constitute error which, like any other error committed by a trial court, would be subject to review. But such error would not affect the defendant's constitutional rights or render the judgment void. While it is not necessary, we could go further and state that in our view the errors in the court's charge to the jury of which the defendant complains would not have been prejudicial even if they had been raised on the former appeal, which was not done. In fact, such variance as there is between the court's instructions to the jury and the charges contained in the indictment are more favorable than harmful to the defendant because the court in its charge includes elements not necessary to be shown in order to authorize a conviction of the defendant for the offenses with which he was charged.

◼ This brings us back to the question as to whether the court was authorized to dismiss the motion without a hearing and without making findings of fact and conclusions of law. As already shown, the motion to dismiss for lack of jurisdiction could not properly have been sustained. While there is nothing in the court's order to indicate on what ground the court allowed the motion to dismiss, we think we may assume that it was upon plaintiff's original motion that the defendant's motion "on its face failed to state facts which would justify the defendant to the relief prayed." For the reasons already shown, we think that such was the case. In other words, we think that the situation before the court comes squarely within the lan-

guage of § 2255, which authorizes a dismissal without a hearing and without making findings of fact and conclusions of law if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

The order appealed from is

Affirmed.