**BANGHART v. UNITED STATES.**
*No. 6696.*

United States Court of Appeals
Fourth Circuit.

Argued Nov. 9, 1953.

Decided Dec. 9, 1953.

Mark David Coplin, Baltimore, Md. (Weinberg & Green, Baltimore, Md., on brief), for appellant.

J. M. Baley, Jr., U. S. Atty., Marshall, N. C., and Hugh E. Monteith, Asst. U.

S. Atty., Sylva, N. C., on brief, for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion to vacate a judgment and sentence of imprisonment under 28 U.S.C. § 2255. Appellant and others were convicted of a robbery of the mail in the year 1934 and were given sentences of imprisonment. Upon a challenge of the sentences by Costner, this court held that the sentence on one of the counts of the indictment was unauthorized. Costner v. United States, 4 Cir., 139 F.2d 429. Appellant thereupon moved to set aside the sentence on this count of the indictment against him and the motion was granted. Subsequently, in the year 1945, appellant moved to vacate sentences on other counts of the indictment; but this motion was denied and the denial was affirmed by this court on appeal. Banghart v. United States, 4 Cir., 148 F.2d 521, certiorari denied 325 U.S. 887, 65 S.Ct. 1568, 89 L.Ed. 2001. In 1951 another motion was made to vacate sentences imposed under the indictment, and this also was denied. In 1953 appellant filed the motion, from denial of which this appeal is taken, asking that the judgment and sentence under which he was imprisoned in Alcatraz prison be set aside on the ground that he was denied a fair trial at the time of his conviction in 1934. It appears, however, that none of the questions which he now seeks to raise were raised upon the trial or by appeal, although appellant was represented by able counsel of his own choosing and there is no suggestion that counsel did not faithfully represent his interests. A motion under 28 U.S.C. § 2255 is proper only where the judgment under which a prisoner is confined is subject to collateral attack. It may not be used in lieu of appeal to review questions which were raised or should have been raised upon the trial. The motion was properly denied. There was, of course, no occasion to have the appellant transported from Alcatraz to Asheville for the hearing of a motion, when it appeared from the records of the court that appellant had been represented upon his trial by competent counsel and that the motion related to matters that should have been raised upon the trial.

Affirmed.