758

In the Matter of the Motion of Louis Melvin JOHNSON.

Cr. No. 24165.

United States District Court,
S. D. California, S. D.
March 31, 1955.

Louis Melvin Johnson, in pro. per.

Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., Harry D. Steward, Asst. U. S. Atty., San Diego, Cal., for the United States.

WEINBERGER District Judge.

The defendant, in propia persona, has presented for filing a motion to proceed in forma pauperis and has asked that the Court have prepared, without expense to the defendant, a copy of the indictment, a transcript of proceedings throughout the jury trial, a transcript of the proceedings at the sentencing, and copies of the commitment papers, all for the purpose of preparing a motion to vacate and set aside sentence. The defendant in said motion claims that a transcript of the proceedings will show that the defendant was not guilty of the crime charged.

At the same time, the defendant has presented a paper headed "Writ of Habeas Corpus"; the paper is also entitled "Motion for Time Served." Therein, the defendant prays that this Court vacate the sentence imposed upon him and that he be released.

■ This Court has no jurisdiction of the person of the defendant, he being confined in another District, and thus no jurisdiction to issue a Writ of Habeas Corpus. It is obvious that the defendant intends said paper to be a motion under Section 2255 of Title 28, U.S.C.A. and we will so consider it.

■ The defendant has established that he is a pauper within the meaning of Section 1915(a) of Title 28, U.S.C.A. and it is ordered that his papers be filed. He shows no necessity for putting the Government to the expense of having the proceedings transcribed. He has

already been given a copy of the indictment. The Clerk is ordered to forward to him without charge a certified copy of the judgment. In all other respects, his motion to proceed in forma pauperis is denied.

The defendant asks the Court to note certain testimony adduced at the trial, which testimony, the defendant urges, shows that he was not guilty of the crime charged. This Court presided at the trial, the defendant was represented by competent counsel, the jury found the defendant guilty.

By his motion, defendant seeks to re-try his case. Section 2255 of Title 28, U.S.C.A. does not authorize such procedure. Taylor v. U. S., 4 Cir., 177 F.2d 194; Banghart v. U. S., 4 Cir., 208 F.2d 902.

The defendant's motion, on its face, shows conclusively that he is not entitled to relief under Section 2255 of Title 28, U.S.C.A., and said motion is therefore denied. U. S. v. Fleenor, 7 Cir., 177 F.2d 482; Klein v. U. S., 7 Cir., 204 F.2d 513.