Gerald Paul WEGMAN, Appellant,

v.

UNITED STATES of America,
Appellee.

Howard McKinsey GUNN, Appellant,

v.

UNITED STATES of America,
Appellee.

Donald Lee WEAVER, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 16237, 16253, 16254.

United States Court of Appeals
Eighth Circuit.

Nov. 30, 1959.

**32**

James L. McMullin, Kansas City, Mo., for appellants.

Horace Warren Kimbrell, Asst. U. S. Atty., Kansas City, Mo. (Edward L. Scheufler, U. S. Atty., and O. J. Taylor, Asst. U. S. Atty., Kansas City, Mo., on the brief), for appellee.

Before WOODROUGH and MATTHES, Circuit Judges, and MICKELSON, District Judge.

MICKELSON, District Judge.

The appellants in this case were prosecuted upon a two count indictment returned by the Grand Jury for the Western District of Missouri on March 12, 1959. The indictment charged in Count I that on February 15, 1959, the appellants transported in interstate commerce from Kansas City, Missouri, to Kansas City, Kansas, one Brenda Maxine Treece (hereinafter referred to as Treece), who had theretofore been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, carried away and held for ransom, reward, or otherwise, in violation of 18 U.S.C.A. § 1201. Count II charged that on the same date the appellants transported Treece in interstate commerce from Kansas City, Missouri, to Kansas City, Kansas, with the intent and purpose to induce, entice, and compel her to give herself up to debauchery and to engage in sexual intercourse, in violation of 18 U.S.C.A. § 2421, the Mann Act.

On April 3, 1959, appellants appeared in Federal District Court for the Western District of Missouri with counsel and entered pleas of not guilty.

On April 20, 1959, trial was commenced in District Court and at the conclusion of all evidence, the jury returned a verdict of guilty as to each appellant on each count of the indictment. Thereafter, each appellant was sentenced to a term of ten years on Count I and a term of five years on Count II, the sentences to run concurrently. At the close of the Government's case in chief and again at the close of the Government's rebuttal the appellants moved the court for Judgment of Acquittal. Both motions were denied.

On appeal appellants assert (1) that their motions for Judgment of Acquittal should have been granted for the reasons that the Government failed to prove beyond a reasonable doubt that they kidnapped Treece, and that they transported her across state lines intending to have sexual relations with her at the alleged time of the transportation; (2) that the court erred in refusing to allow certain

cross-examination of witnesses Hudnall and Treece; (3) that the court erred in emphasizing certain Government testimony and discounting certain of appellants' testimony in its instructions; and (4) that the court erroneously instructed the jury that, " * * * if there is a majority one way or another in your case, let those who are in the minority consider whether they are looking at all the facts in the case, and all of the law which the Court has given you and which you are bound to follow according to your oath in the case".

■ (1) The witness Treece testified that she was forced to enter the appellants' automobile against her will in Kansas City, Missouri, and taken to Kansas City, Kansas, and raped. Her testimony further establishes that the three appellants are equally guilty of the crime of kidnapping, since there is participation shown by each. The appellant Weaver operated the automobile:

"Q. All right. Can you tell us which one of these three defendants here was driving the car? A. The first one.

"Q. The one in front? A. Yes, sir.

"Mr. Taylor: May the record show that she has identified the defendant Weaver as the driver of the car."

The appellant Wegman assisted Hudnall in forcing Treece to enter the automobile:

"Q. All right. Then you got into the car by the Wegman boy pulling you and the Hudnall boy pushing you, is that correct? A. Yes, sir."

The appellant Gunn threatened her shortly after she entered the automobile:

"Q. What did you do when you got into the car? What did you say to them? A. Well, I told them I had to get home and they said they would take me home and I told them no, I could walk home, then I started in screaming.

"Q. What happened when you started in screaming? A. Well, the

third boy back there told me if I didn't shut up that he would smother me and then he slapped me.

"Q. Now, at that time he slapped you, was the car moving at that time? A. Yes, sir.

"Q. That was when Gunn first slapped you? A. Yes, sir."

Treece also testified that each appellant had sexual intercourse with her against her will in Kansas.

Appellants have alleged that Treece's testimony is uncorroborated. This is not so. Treece testified that the four abductors were drinking wine, and that they had a bottle of wine with them in Kansas at the rock quarry where she was raped. A wine bottle bearing the fingerprints of Weaver and Wegman was found at the quarry by an FBI agent the day after the alleged crime. The rebuttal testimony of Larry Hudnall as to events at the quarry corroborated to a large extent the testimony of Treece. Her testimony that she was roughly treated and struck in the eye was corroborated by a photograph taken by an FBI agent on the day following the incident.

■ Even had Treece's testimony been completely uncorroborated it would have been sufficient to justify submission of the case to a jury. We know of no rule which would require testimony such as this to be corroborated, and appellants have cited no authority in support of such contention.

■ Appellants argue that the government failed to prove beyond a reasonable doubt that each of the appellants intended to commit immoral acts with Treece at the time they allegedly crossed the state line. It is true that "intent" is a necessary element of proof in a Mann Act prosecution. Dunn v. United States, 10 Cir., 1951, 190 F.2d 496; Lawrence v. United States, 9 Cir., 1947, 162 F.2d 156. However, the testimony of Treece, if believed by the jury, supplied direct proof of intent:

"Q. What, if anything, did any of these three defendants say to you about what they wanted to do with

you that evening? A. Do I have to use the exact bad words that they used?

"Q. Well, did any of them say anything to you about that? A. Yes, the last boy did.

"Q. Generally, you don't have to use the exact language, what generally did he say to you? A. Well, he just said that he was going to have relations with me.

"Q. Was that before or after you got into Kansas? A. That was before.

"Q. What, if anything, did the defendant Weaver do? A. Well, he kept putting his arm back over the seat and feeling of my legs and all, and I told him to keep his hands up there where they belonged and pushed him away.

"Q. Did he do that in Missouri? A. Yes, sir."

The testimony of Larry Hudnall regarding immoral acts perpetrated shortly after crossing the state line supplied circumstantial evidence of intent.

■ It is clear that there was substantial evidence in support of each and every element of the offenses charged against the appellants in both counts of the indictment. Although there was some contradictory testimony by appellants' witnesses, the weight of that testimony and the credibility of the witnesses were for the jury to determine. Weaver v. United States, 9 Cir., 1954, 216 F.2d 23; Poindexter v. United States, 8 Cir., 1943, 139 F.2d 158.

■ (2) Appellants argue that the court erred in limiting the cross-examination of Hudnall and Treece to the scope of their direct examination, and in discouraging a showing of previous immoral conduct on the part of Treece for the purpose of impeaching her testimony. A long established and quite strictly enforced rule in federal courts has been that cross-examination of a witness is limited to the scope of direct examination. Wills v. Russell, 1879, 100 U.S. 621, 25 L.Ed. 607; Smith v. United States,

8 Cir., 1956, 236 F.2d 260, 263; Fidelity & Deposit Co. of Maryland v. Bates, 8 Cir., 1935, 76 F.2d 160, 168; Union Electric Light & Power Co. v. Snyder Estate Co., 8 Cir., 1933, 65 F.2d 297, 302; Rose v. United States, 8 Cir., 1930, 45 F.2d 459, 465; Hill v. Wabash R. Co., 8 Cir., 1924, 1 F.2d 626, 630; Minnesota & Ontario Paper Co. v. Swenson Evaporator Co., 8 Cir., 1922, 281 F. 622. The trial court properly limited the cross-examination of Treece and Hudnall to the scope of their direct examination, and if the testimony sought by appellants was deemed important, the witnesses could have been called subsequently as their own, Kincade v. Mikles, 8 Cir., 1944, 144 F.2d 784, 787, or the trial judge could have upon request, in his discretion, allowed appellants to make the witnesses their own during cross-examination and by so doing go into other matters. In such case, however, the appellants would be bound by the witnesses' answers.

■ Appellants state, without argument or citation of authority, that they should have been permitted to cross-examine Treece concerning her alleged previous immoral conduct with other persons. In Lennon v. United States, 8 Cir., 1927, 20 F.2d 490, 494, this court stated that "Acts of misconduct, not resulting in conviction of a crime, are not the proper subject of cross-examination to impeach a witness". We believe this to be the rule; however, in the case at bar the court did not rule that appellants could not follow this line of inquiry. The court merely ruled that for purposes of such inquiry the witnesses would be appellants' own, and appellants would be bound by answers given.

■ (3) It is a well established rule in federal courts that a trial judge may comment on evidence while giving the jury its instructions. We do not feel that the comments of the court in this case were in any manner prejudicial; however, even if the court had erred in any respect in its instructions to the jury, appellants are now precluded from raising such issue before this court by reason of their failure to take proper excep-

tions. Rule 30, F.R.Cr.P. 18 U.S.C.A.; Armstrong v. United States, 8 Cir., 1956, 228 F.2d 764, 768, certiorari denied 351 U.S. 918, 76 S.Ct. 710, 100 L.Ed. 1450.

(4) Appellants are precluded from assigning as additional error the trial court's supplemental instruction for the same reasons as above. No exception was taken to such instruction. It is clear, however, that the instruction was not erroneous. It is substantially the same as that approved by the United States Supreme Court in Allen v. United States, 1896, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528, and in several cases approved by this court. Costello v. United States, 8 Cir., 1958, 255 F.2d 389, 398; Kleven v. United States, 8 Cir., 1957, 240 F.2d 270, 273; Wright v. United States, 8 Cir., 1949, 175 F.2d 384, 388.

The trial was in all respects fair, impartial and according to law.

Affirmed.