[Crim. No. 1010. First Appellate District, Division One.—June 22, 1922.]

## THE PEOPLE, Respondent, v. JOSEPH KOOSISTRA, Appellant.

[1] JUVENILE COURT LAW — POSING OF MINOR IN NUDE — TAKING OF PHOTOGRAPHS—SUFFICIENCY OF EVIDENCE.—In this prosecution in which the defendant, by information, was charged jointly with another with a violation of section 21 of the Juvenile Court Act, the conviction of the defendant was warranted by the evidence showing that the minor in question was a female of the age of sixteen years, that in company with certain male and female companions she visited apartments maintained by defendants, where she was photographed in a group of some eighteen persons, old and young, she and some of the women contained in the group being practically in a naked state, that on at least two subsequent occasions she again visited the premises and was shown pictures of women in the nude, and was so photographed by defendant in company with her girl companions, and that on at least one occasion she remained on the premises until an early hour of the morning, during which time music and dancing was indulged in by the frequenters of the place.

[2] ID.—CONDUCT OF DEFENDANT—SERIES OF ACTS—INSTRUCTIONS.— Under the juvenile court law it is permissible to show any conduct on the part of a person toward a minor which either causes or tends to cause such minor to become a delinquent, even though such conduct may consist in the doing of one act only or a series of acts; therefore, in a prosecution for a violation of that law, it is not error to fail to instruct the jury that they can find the defendant guilty of only one of the acts proven against him.

[3] ID.—AGE OF PROSECUTRIX—PROOF.—In a prosecution for a violation of the juvenile court law, the age of the prosecutrix may be proven by the testimony of her sister.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph A. Garry and Walter McGovern for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendant, by information, was charged jointly with one John De Young with a violation of section 21 of the Juvenile Court Act (Stats. 1915, p. 1225). He was separately tried, convicted, and sentenced to imprisonment in the county jail for a period of eight months. This appeal is from such judgment of conviction and from an order denying his motion for a new trial.

The information charges that defendants, on or about the first day of March, 1921," . . . did then and there willfully and unlawfully show and exhibit to one Laura Duncan, then and there a female person under the age of twenty-one years, to wit, of the age of sixteen years, various and divers lewd and obscene films, pictures and photographs and did then and there induce and persuade the said Laura Duncan to disrobe and to pose and expose her person, in a nude condition, before them, the said Joseph Koosistra and John De Young, and to permit them to photograph her, the said Laura Duncan while in such nude condition and to make and they did then and there make various lewd and obscene and indecent photographs and pictures of her, the said Laura Duncan, in such nude condition; all of which willful and unlawful acts and course of conduct of Joseph Koosistra and John De Young, as aforesaid, did thereby then and there manifestly tend to and did encourage, cause and contribute to the said Laura Duncan becoming such a person as is described in section 1 of an act of the legislature of the state of California entitled 'An Act to be known as the Juvenile Court Law,' etc., approved June 5, 1915, to wit: a person under twenty-one years of age who is leading or from any cause is in danger of leading an idle, dissolute and immoral life."

[1] In support of the offense charged it was proved at the trial that Laura Duncan, the minor mentioned in the information, was of the age of sixteen years, and that in company with certain male and female companions she visited apartments maintained by defendants. Upon the occasion of her first visit she met defendant and was by

his codefendant photographed in a group of some eighteen persons, old and young. This photograph was introduced in evidence, and it shows several of the women contained in the group, including Laura Duncan, practically in a naked state. She again visited the same premises on at least two subsequent occasions, and was then shown pictures of women in the nude, and was so photographed by defendant in company with her girl companions. Other evidence shows that on at least one occasion Laura Duncan remained on the premises until an early hour of the morning, during which time music and dancing was indulged in by the frequenters of the place.

Appellant contends that as it is no offense to induce and persuade a minor to disrobe and to pose and expose her person in a nude condition, that the evidence is insufficient to warrant his conviction. We do not so consider it. The main purpose of the juvenile court law is to protect young men and women from indulging in vicious practices, and to remove them from immoral and evil influences. It needs no discussion to show that the acts which defendant induced the minor to commit would manifestly tend to deprave the morals of a girl of her immature years, and to promote a general disregard of the rules of morality and decency. It would indeed be difficult to say, considering all the circumstances, that such acts would not strongly tend to cause a person of tender years to lead an immoral and dissolute life. To hold otherwise would be to remove the very safeguard that the law was designed to create for the purpose of protecting the youth of the state from the pitfalls attending immaturity of years. The contention is therefore without merit.

[2] Complaint is also made of failure on the part of the trial court to instruct the jury that they could find the defendant guilty of only one of the acts proven against him. Under the juvenile court law it is permissible to show any conduct on the part of a person toward a minor which either causes or tends to cause such minor to become a delinquent, even though such conduct may consist in the doing of one act only or of a series of acts. (*People* v. *Oliver*, 29 Cal. App. 576 [156 Pac. 1005].) [3] The further claim that proof of the age of the prosecutrix was not established is also without merit. The jury, it is true,

did not have an opportunity of judging her age for the reason that she did not take the stand, she being out of the state, but her sister positively testified that she was sixteen years of age. Proof of the age of a person may generally be made by the testimony of a relative or other person who is in such position as to have personal knowledge of such age. Accordingly, it has been held that the date of a person's birth might be testified to by members of his family. (2 Jones on Evidence, sec. 300, p. 651.)

Other objections relate to alleged errors on the part of the trial court in ruling upon the evidence and in failing to properly instruct the jury. Misconduct on the part of the district attorney is also assigned as error. These contentions are entirely without merit and do not require discussion.

For the reasons given the judgment is affirmed.

Richards, J., and Prewett, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 21, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.