[Crim. No. 1071. First Appellate District, Division One.—March 5, 1923.]

## THE PEOPLE, Respondent, v. WILLIAM PRIBNOW, Appellant.

[1] CRIMINAL LAW—RAPE — EVIDENCE — CORROBORATION OF PROSECU-TRIX.—In a prosecution for rape, where there is evidence that at the time the prosecutrix caused the arrest of defendant a written statement was made by her of her relations with him, and that when the statement was read to him shortly after his arrest he admitted that its contents were in all essentials correct, and there is also testimony in the record to the effect that the defendant and the prosecutrix occupied the same room together, the conviction of the defendant is not had upon the sole uncorroborated testimony of the prosecutrix.

[2] ID. — RELATIONSHIP OF PARTIES — ABSENCE OF RESISTANCE. — The relations of the parties having begun when the prosecutrix was a child of tender years, and continued up to the very time of defendant's arrest, and he having had complete control and dominion over her, proof of resistance on her part or complaint by her was not essential, but the absence of such evidence was a matter for the consideration of the jury.

[3] ID.—FALSE TESTIMONY — INSTRUCTIONS. — An instruction to the effect that the jury has the power to entirely disregard the testimony of any witness found to be false in any material respect, but that it is not bound to do so, is not erroneous.

[4] ID.— FORCE AND VIOLENCE — EVIDENCE — INSTRUCTIONS. — In this prosecution for rape, although the prosecutrix testified that no force was used, and that she voluntarily submitted to the act complained of, the defendant was not prejudiced by an instruction in which the court defined the crime of rape when accompanied with force or violence.

[5] ID.—AGE OF PROSECUTRIX—CONSENT—GENERAL INSTRUCTION.—In a prosecution for rape, a general instruction upon the subject of statutory rape, concluding with the statement that "whether such child consents or resists is wholly immaterial," but which does not refer to the prosecutrix or any other witness in the case, is not open to the objection that the jury is thereby practically instructed that the prosecutrix was under the age limit.

1. Admissibility of evidence of previous acts in prosecution for rape, notes, 8 Ann. Cas. 459; 18 Ann. Cas. 442; Ann. Cas. 1915D, 164; 62 L. R. A. 314, 322, 329; 48 L. R. A. (N. S.) 236.

Necessity and sufficiency of corroboration of prosecutrix, notes, 6 Ann. Cas. 771; 17 Ann. Cas. 413; Ann. Cas. 1913D, 660.

[6] Id.— Other Acts — Evidence — Instructions. —In a prosecution for rape, it is not error to instruct the jury generally to the effect that it might consider evidence of other acts of sexual intercourse between the parties both before and after the time charged to prove the adulterous disposition of the defendant, notwithstanding there is no evidence of the commission of subsequent crimes.

[7] Id.—Adoption of Prosecutrix—Colloquy Between Court and Jury.—At the conclusion of the charge to the jury, one of its members having asked the court if it might take into consideration the fact that defendant had adopted the prosecutrix, and the jury having been informed that this fact did not add to or detract from the offense charged and had no bearing upon the case, but the probability or improbability of the defendant having committed the crime charged in no manner having been affected by such colloquy, the remarks of the court did not constitute error.

[8] Id.—Age of Prosecutrix—Confirmation Certificate—Evidence. In a prosecution for rape, it is not error to admit in evidence a confirmation certificate issued by the pastor of a certain church, although it is not written in the English language, where it is perfectly apparent therefrom that it certifies to the fact that the prosecutrix was born on a specified date, and confirmed on a specified later date, and the prosecutrix testifies that at the time she was confirmed defendant was present and gave the pastor the information concerning the date of her birth.

[9] Id.—Appearance—Testimony of Prosecutrix.—In a prosecution for rape, the jury is entitled to consider the appearance of the prosecuting witness as indicating her age; and the testimony of the prosecutrix as to this fact is admissible, although her knowledge of it is derived from the statement of her parents or by family repute.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

TYLER, P. J.—The appellant was convicted of the crime of statutory rape. This is an appeal from the judgment and from an order denying his motion for a new trial.

The facts as revealed by the record show that the prosecutrix, Irene Pribnow, a female person, was adopted by the defendant and his wife in the state of Missouri when she was about five years of age. About four years thereafter defendant persuaded her to have sexual relations with him, and this course of conduct continued between the parties at different times and places up to the twenty-ninth day of March, 1922, the time of the commission of the act here complained of and when the prosecutrix had reached the age of sixteen years. At the time she caused the arrest of the defendant a written statement was made by her of her relations with him. This statement contained the facts as above narrated and also the further fact that the conduct of the parties resulted in the birth of a child, which was adopted by a family in Oregon.

Defendant did not take the stand in his own behalf, nor did he call any witnesses to disprove the testimony of the prosecutrix, which was to the same effect as her previous written statement. On the contrary, there is evidence in the record to show that when this statement was read to the defendant shortly after his arrest he admitted that its contents were in all essentials correct, except that he was of the opinion that the prosecutrix was not quite as young as nine years when their illicit relations commenced. Defendant here seeks a reversal of the judgment, and assigns numerous grounds therefor.

[1] It is first claimed that the story of the Pribnow girl is uncorroborated and inherently improbable. A complete answer to this contention is that the defendant made no attempt in any manner to disprove the charges, but, on the contrary, admitted that the story was in all essential particulars true. There is also testimony in the record to the effect that the defendant and the prosecutrix occupied the same room together. The conviction was not had, therefore, upon the sole uncorroborated testimony of the prosecutrix.

[2] Complaint is also made of the absence of evidence of resistance on the part of the prosecutrix or complaint by her. There is no merit in this contention. A reading of the record shows that the relations of the parties began when the prosecutrix was a child of tender years, and continued up to the very time of the defendant's arrest, and that he

had complete control and dominion over the child. The absence of reasonable complaint on the part of one in the situation of the prosecutrix might ordinarily be highly significant; but this question was one for the jury to consider under all the facts of the case, including the evidence and defendant's admission of his acts.

[3] Exception is also taken to certain portions of the charge to the jury. In the first instruction complained of the court advised that body that where a witness is false in one part of his testimony he is to be distrusted in others, and that it might reject the whole testimony of a witness who had willfully sworn falsely to a material point, and that if it found that such testimony was given with the willful design to deceive it should be viewed with distrust and suspicion, and that the jury might "reject all unless they shall be convinced, notwithstanding the base character of the witness, that he or she has in other particulars sworn to the truth." It is claimed that the giving of the latter part of the instruction indicated by the quotation marks constituted error, for the reason that it weakened and destroyed the former portion of the instruction.

We see no error in the instruction, and we are of the opinion that it fairly states the law. The jury was in effect told that it had the power to entirely disregard the testimony of any witness found to be false in any material respect, but that it was not bound to do so. Aside from this there is nothing in the record to indicate that the testimony of any witness was subject to distrust.

[4] The next alleged error in the instructions is based upon the fact that the court in its charge defined the crime of rape when accompanied with force or violence; and it is claimed that the giving of this instruction under the circumstances of the case was error, as the jury might have inferred that force or violence was used. We fail to see how defendant was in any way prejudiced by this instruction. There was no evidence of any force having been used; on the contrary, the witness testified that there was none, and that she voluntarily submitted to the act complained of. There is no merit therefore in this contention.

[5] In instructing the jury upon the crime of statutory rape the court concluded as follows: "Therefore, whether such child consents or resists is wholly immaterial." It

is contended that this instruction is erroneous for the reason, first, that the prosecutrix was not proven to be under the age of eighteen beyond a reasonable doubt, and that in referring to her as a "child" the court practically instructed the jury that she was under the age limit; second, as there was no evidence of resistance, the prosecution not being based upon rape by force and violence, the instructions might be construed as assuming resistance.

We have already considered the latter objection. As to the first, it is sufficient to say that the court was merely referring to the rule of law generally concerning females under the age limit. The instruction was general and did not refer to the prosecutrix or any other witness in the case. This objection is, therefore, also without merit.

[6] The court further instructed the jury that it might consider evidence of other acts of sexual intercourse between the parties both before and after the time charged to prove the adulterous disposition of the defendant. It is conceded that evidence of such acts as were committed at the place where the crime was charged prior to the filing of the indictment was properly received; but it is contended that as there was no evidence of acts committed subsequent to that time the jury might infer that there were other acts that occurred after the filing of the information. What we have already said with reference to some of the other instructions applies with equal force to this one. The instruction is general and could in no manner have deceived the jury, as there was no evidence of the commission of subsequent crimes.

In this connection it is further contended that evidence of sexual intercourse between the parties at other places should have been excluded as being too remote. We fail to see how defendant was prejudiced thereby. The evidence showed the course of conduct and adulterous relations between the parties for a long period of time, a matter which the defendant admitted.

Complaint is also made of the admission in evidence of a statement in writing made by the prosecutrix and above referred to, for the reason that it contained evidence of other and independent crimes and acts of sexual intercourse, and also prejudicial evidence to defendant's case consisting of references to the birth of the child, and other evidence not in

any way connected with the crime here charged. The court fully instructed the jury that other acts of sexual intercourse between the defendant and the prosecutrix both before and after the time charged in the information were admitted for the sole purpose of proving the adulterous disposition of the defendant and as having a tendency to render it more probable that the act charged was committed, and for no other purpose. The birth of a child growing out of the relations of the parties could only have happened as the result of such former acts. Under these circumstances we cannot say that the admission of the statement affected the substantial rights of the defendant.

[7] At the conclusion of the charge to the jury one of its members asked the court if it might take into consideration the fact that defendant had adopted the prosecutrix. The jury was informed that this fact did not add to or detract from the offense charged and had no bearing upon the case. Appellant assigns the remarks of the court as error, claiming that the jury had a right to consider the circumstances, as the relationship between the parties would negative the probability of the story told by the prosecutrix. It is manifest that the juror had in mind his right to determine whether or not the defendant had committed the crime of incest. The jury was only instructed that the relationship between the parties was not an issue in the case. The probability or improbability of the defendant having committed the crime charged was in no manner affected by the colloquy between the court and the juror. There is, therefore, no merit in this contention.

[8] And, finally, it is claimed that it was not shown beyond a reasonable doubt that the prosecutrix was under the age of eighteen years at the time of the commission of the offense charged. The confirmation certificate showing the date of the birth of the prosecutrix was admitted in evidence; and appellant assigns such admission as error. This certificate was issued by a pastor of the Lutheran church at Portland, Oregon. It is not written in the English language, but it is perfectly apparent therefrom that it certifies to the fact that Irene Pribnow was born September 16, 1905, and confirmed April 13, 1919. The prosecutrix testified that at the time she was confirmed defendant was present, and gave the pastor the information concern-

ing the date of her birth. This evidence therefore simply tended to show that defendant knew her age at the time of the commission of the offense charged. In this connection the appellant also objects to the admission in evidence of a certain photograph claimed by the prosecutrix to have been taken in the year 1910. She testified in reference thereto that the defendant had shown the photograph to her on a certain occasion, at which time they had discussed her age. She further testified that he had called her attention to certain writing on the back thereof indicating her age, and told her that such writing had been made by her mother. We fail to see how this evidence prejudiced defendant's rights. It was but a circumstance from which the jury might derive some assistance in determining the age of the prosecutrix. Again, upon this subject, we are of the opinion that her age was fully established by her direct testimony. [9] The testimony of a prosecutrix as to this fact is admissible, although her knowledge of it is derived from the statements of her parents or by family repute (*People* v. *Ratz*, 115 Cal. 132 [46 Pac. 915]). Moreover, the jury was entitled to consider the appearance of the prosecuting witness as indicating her age (*People* v. *Koosistra*, 58 Cal. App. 277 [208 Pac. 316]).

We do not deem further discussion of the case necessary, but will only add that from a full examination of the record, including the evidence, we are satisfied that although the court's rulings and instructions may not be entirely free of technical error, the trial did not result in a miscarriage of justice, in which event only may this court reverse the judgment.

The judgment is affirmed.

St. Sure, J., and Richards, J., concurred.