[Crim. No. 1164. Second Appellate District, Division One.—December 11, 1924.]

THE PEOPLE, Appellant, v. WILLIAM GIMINIANI, Respondent.

[1] CRIMINAL LAW—DISMISSAL OF INFORMATION—INTENT.—Where after complaint filed in the justice's court charging the defendant with the crime of contributing to the delinquency of a minor, and after the defendant had been committed and held to answer to the superior court, an information had been filed, the action brought on for hearing, a jury impaneled and a witness had been sworn and given some testimony, the superior court, on motion of the prosecution, ordered "that said information be, and is hereby dismissed; that the district attorney may, if he sees fit, commence a new proceeding against the defendant by filing a new complaint in the justice's court," it is clear that there was no intention on the part of the superior court that the original action be retained in the superior court; but, on the contrary, the purpose was manifestly that of commencing an entirely new action against defendant.

[2] ID. — CONTRIBUTING TO DELINQUENCY OF MINOR — PLEADING — INSUFFICIENT INFORMATION.—In such prosecution, where the information against defendant charged that defendant did "willfully and unlawfully cause, induce, and encourage" the minor in question to lead and to be in danger of leading an idle, dissolute, lewd, and immoral life, but such information did not charge the commission of any act or the omission of the performance of any duty whereby the described result was caused, such information did not state any criminal offense.

2. See 14 Cal. Jur. 160.

[3] ID.—ONCE IN JEOPARDY—INSUFFICIENT ACCUSATION.—One cannot be said to have been once in jeopardy unless the accusation against him was sufficient in form and substance to sustain a conviction.

[4] ID.—INSUFFICIENT INFORMATION—INSTITUTION OF NEW ACTION—DISMISSAL.—Where the proceedings in a second action against a defendant are regularly conducted in the manner required by law, and the information therein charges the commission of acts sufficient to constitute a misdemeanor, the mere fact that there has been a former action resting upon an information which did not charge the commission of a crime (it being a wholly ineffectual attempt to prosecute for the offense charged against defendant in the second action) does not furnish any valid ground for an order setting aside the present information or for a dismissal of the second action.

---

(1) 16 C. J., p. 248, n. 56.     (2) 31 C. J., p. 999, n. 82.     (3) 16 C. J., p. 241, n. 83.     (4) 16 C. J., p. 246, n. 44, p. 248, n. 56.

APPEAL from an order of the Superior Court of Kern County setting aside an information. J. W. Mahon, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Erwin W. Widney and John L. Flynn, Deputy Attorney-Generals, for Appellant.

Irwin & Laird for Respondent.

HOUSER, J.—This is an appeal by the People from an order made by the court setting aside an information.

As shown by the record herein, the facts of the case are that by a complaint filed in the justice court defendant was charged with a misdemeanor, to wit, contributing to the delinquency of a minor, and on which complaint, after proceedings had in the justice court, defendant was committed and held to answer to the superior court. In the orderly course of procedure, an information was then filed in the superior court charging defendant with the commission of the same offense for which theretofore he had been so held to answer. When the action came on for hearing, after a jury had been impaneled to try the case

---

3. See 7 Cal. Jur. 949; 8 R. C. L. 140.

and a witness had been sworn to testify therein and had given some testimony, on motion of plaintiff the action was dismissed, with leave to "commence a new proceeding against the defendant by filing a new complaint in the justice's court." Thereupon a new complaint was sworn to against defendant in the justice court, upon which, after a preliminary examination, he was again committed and held to answer to the superior court. A new information having been filed against defendant in the superior court pursuant to said second commitment, the case against him again was brought to trial; whereupon, on motion of defendant, the court made an order setting aside the second information. It is from such order by the court that this appeal is taken.

The statute under which the dismissal of the first action against defendant was had provides that: "An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor, unless such order is explicitly made for the purpose of amending the complaint in such action, in which instance such order for dismissal of the action shall not act as a bar to a prosecution upon such amended complaint; . . . " (Pen. Code, sec. 1387.)

The offense with which defendant was charged was what is sometimes called a high-grade misdemeanor, provided for by the statute known as the Juvenile Court Act (Stats. 1909, p. 213, as variously amended), and by which, under the terms of the amendment of 1921 (Stats. 1921, p. 773), "the superior court, sitting as a juvenile court, shall have original jurisdiction over all such misdemeanors." It is, however, held in the case of *Gardner* v. *Superior Court,* 19 Cal. App. 548 [126 Pac. 501], under a similar statute, that the superior court, sitting as a juvenile court, has no jurisdiction to try a person charged with the commission of a misdemeanor arising under said act merely upon a complaint filed in the superior court, but that the prosecution thereof must be by indictment by the grand jury, or by information filed in the superior court after a preliminary examination in a justice court. To the same effect is the ruling in the case of *People* v. *Budd,* 24 Cal. App. 176 [140 Pac. 714].

In the original action against defendant he was charged with the commission of "the crime of misdemeanor," and the language of the statute in substance is that unless the

order of dismissal of such action be "explicitly made for the purpose of amending the complaint in such action," further prosecution for the same offense will be barred.

With reference to the literal language of the statute, it is exceedingly difficult, if at all possible, to understand how there could be any amendment to a complaint in an action that had been dismissed. In the instant case the superior court acquired jurisdiction only on the filing of an information based upon the commitment from the justice court, rather than upon any "complaint." Manifestly, on a motion to dismiss the action, the superior court would not assume authority to order that the complaint which theretofore had been filed in the justice court be amended. The only "complaint," if any, which could be amended after the action had reached the superior court would be the *information* by which the superior court had acquired jurisdiction. But the order of the superior court was not that either the complaint filed in the justice court, or the information filed in the superior court, be amended. [1] The order was "that said information be, and is hereby dismissed; that the district attorney may, if he sees fit, *commence a new proceeding* against the defendant by filing *a new complaint* in the justice's court."

It is therefore clear that there was no intention on the part of the superior court that the original action be retained in the superior court; but, to the contrary, the purpose was manifestly that of commencing an entirely new action against defendant. The statute governing the retention of jurisdiction in actions involving misdemeanors as heretofore set forth, provides that unless the order of dismissal be "explicitly made for the purpose of amending the complaint," the dismissal will act as a bar to any further proceeding against the defendant for the same offense.

If it be assumed that the second action against defendant was for the identical offense charged against him in the first action, it would necessarily follow that the order of the superior court in setting aside the information was in accordance with the provisions of the statute. But if it appear by the first information that the commission of no public offense is charged against defendant, the result would be that, strictly speaking, there was no prosecution for *any* offense in the first action—consequently the charge against defendant in the second action would not be "for the same

offense'' as that with which he was charged in the first
action.

Section 21 of the Juvenile Court Law (Stats. 1915, p.
1225) provides, among other things, that: " . . . any per-
son who shall, by any act or omission, or by threats, or
commands, or persuasion, induce or endeavor to induce
any such person, under the age of twenty-one years, to do
or to perform any act or to follow any course of conduct,
or to so live as would cause or manifestly tend to cause
any such person to become or to remain a person coming
within the provisions of any of subdivisions one to thirteen
inclusive of section one of this act, shall be guilty of a mis-
demeanor. . . . '' Subdivision 11 of section 1 brings within
the provisions of said section any person under the age
of twenty-one years ''who is leading, or from any cause
is in danger of leading, an idle, dissolute, lewd or immoral
life.''

[2] The fault in the information in the first action
against defendant was that it charged that the defendant
did ''willfully and unlawfully cause, induce and encour-
age'' the described person to lead and to be in danger of
leading an idle, dissolute, lewd, and immoral life. But
that information did not charge the commission of any act
or the omission of the performance of any duty, whereby
the described result was caused. Therefore that informa-
tion did not state any criminal offense. [3] One cannot
be said to have been in jeopardy unless the accusation
against him was sufficient in form and substance to sustain
a conviction. (7 Cal. Jur., p. 947, citing *People* v. *Lee
Look,* 143 Cal. 216 [76 Pac. 1028], and other cases.)

[4] Since the proceedings in the second action against
defendant were regularly conducted in the manner required
by law, and the information therein charged the commission
of acts sufficient to constitute a misdemeanor, the mere fact
that there had been a former action resting upon an in-
formation which did not charge commission of a crime (it
being a wholly ineffectual attempt to prosecute for the of-
fense charged against defendant in the second action), does
not furnish any valid ground for an order setting aside the
present information or for a dismissal of this action.

Order reversed.

Conrey, P. J., and Curtis, J., concurred.