[Crim. No. 1251.   Second Appellate District, Division One.—February 1, 1926.]

## THE PEOPLE, Respondent, v. WILLIAM GIMINIANI, Appellant.

[1] CRIMINAL LAW—JURIES AND JURORS—QUALIFICATIONS OF JURORS—CHALLENGES.—In a prosecution for contributing to the delinquency of a minor, the trial court did not err in refusing defendant's motion to dismiss the panel from which the jury was selected in part, where the challenge as offered by the defendant did not relate to any of the matters described in section 1059 of the Penal Code, and the objections comprised in the challenge were in the nature of a general charge that the jurors comprising the panel, or some of them, had become so far prejudiced or unduly influenced by the statements of the trial judge relating to a similar action that they would not be fair jurors for the defendant in this action, there being no contention that in the further progress of the trial any challenge of defendant directed toward any individual juror was improperly denied.

(1) 35 C. J., p. 375, n. 69, p. 376, n. 71.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Charles A. Barnhart, Rollin Laird and Rowen Irwin for Appellant.

U. S. Webb, Attorney-General, and Irwin W. Widney, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant was convicted of the crime of misdemeanor, to wit, contributing to the delinquency of a minor.   His appeal is from the order denying his motion for a new trial, and also from the judgment. The same action was before this court on a former appeal. (*People* v. *Giminiani,* 70 Cal. App. 195 [232 Pac. 993].)

When the case was called for trial, and before any juror was sworn, the defendant moved "to dismiss the present

1.   See 15 Cal. Jur. 412.

panel of jurors and draw another, on the ground of prejudice arising from the trial of Benjamin C. Bellomi by the same panel on the same charge as that on which the present defendant is being tried, and because of the statements of the court during and subsequent to such trial.'' The motion was supported by an affidavit which set forth certain facts concerning the Bellomi case, which was tried a few days before the trial of the Giminiani case, and by a jury drawn from the same panel. The substance of the matter was that Bellomi was charged with an offense similar to that charged against Giminiani; that the Bellomi jury was discharged without rendering any verdict, because one John Nord, one of the jurors, voted ''not guilty,'' although the other eleven were in favor of conviction; that the judge of the court, being of the opinion that Bellomi should have been convicted, publicly reprimanded Nord and discharged him from the panel. The evidence produced before the court on the motion in the present action consisted of said affidavit, plus a statement by the judge. It does not show how many of the jurors in the Bellomi case were present when Nord was reprimanded. It does appear that the jury had been discharged, and that the remainder of the panel was not present. The affidavit also shows that the Nord incident was given conspicuous publicity in the newspapers of the county.

[1] The sole ground of appeal is that the court erred in refusing to dismiss the panel from which (in part) the jury was selected for the trial of this action. ''A challenge to the panel can be founded only on a material departure from the forms prescribed in respect to the drawing and return of the jury in civil actions, or on the intentional omission of the sheriff to summon one or more of the jurors drawn.'' (Pen. Code, sec. 1059.) The challenge as offered by the defendant did not relate to any of the matters described in this section. The objections comprised in the challenge were in the nature of a general charge that the jurors composing the panel, or some of them, had become so far prejudiced or unduly influenced by the statements of the judge relating to a similar action that they would not be fair jurors for the defendant in this action. But there is no contention that in the further progress of the trial any challenge of the defendant directed toward any indi-

vidual juror was improperly denied. "The fact that some of the jurors selected do not possess the requisite qualifications is not a ground of challenge to the panel, even if such ground had been stated in the challenge." (*People* v. *Richards,* 1 Cal. App. 566, 673 [82 Pac. 691, 694]; *People* v. *Harris,* 45 Cal. App. 547, 550 [188 Pac. 65].)

The judgment is affirmed.

Houser, J., and York, J., concurred.