[Crim. No. 2661.   Second Appellate District, Division Two.—March 27, 1935.]

THE PEOPLE, Respondent, v. WALTER C. SHEKELL, Appellant.

William J. Clark for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

FRICKE, J., *pro tem.*—Appeal from the judgment and order denying motion for new trial.

Appellant was charged in an information with a violation of sections 288 and 288a of the Penal Code. Counts 1 and 2 charge the offense as being committed upon Hazel Cobb. Upon motion for new trial, the conviction upon counts 1 and 2 was set aside and those charges were dismissed. Appellant was convicted of the offenses charged in counts 3, 4, 5 and 6 and appeals from the judgment and order denying a new trial thereon.

Appellant contends it was error for the trial court to deny a motion to advise the jury to acquit as to counts 1 and 2. The motion was based upon the alleged unreliability of the testimony of the prosecutrix, that she was an accomplice as a matter of law, that her testimony was without the required corroboration, and that there was insufficient evidence to warrant a conviction. Whatever error there may have been in the refusal of the court to advise the jury to acquit appellant of the offenses charged in counts 1 and 2, it has been cured by the subsequent granting of a new trial and a dismissal as to those counts. Appellant urges, however, that the verdicts of guilty as to the last four counts in the information must have been influenced by the evidence as to the first two counts. This assertion is only a theory of counsel, without support in the record,

and presumes that the jury did not fairly perform its duties, a presumption in which we cannot indulge.

The denial of motions to strike portions of the testimony of the prosecuting witness under counts 1 and 2 was applicable to those counts alone and could not have prejudiced appellant, as those counts have been dismissed.

Appellant's main contention is that the evidence does not warrant his conviction. We have read the testimony, which we omit stating because of its revolting nature, and do not find it to be so inherently improbable as to warrant the granting of a new trial. Though conflicts and contradictions exist, there is ample evidence to warrant the verdicts. It was for the jury and the trial judge on hearing the motion for a new trial to determine the issues of fact, and their decisions are conclusive on this court.

Appellant complains of the giving and refusal of certain instructions. As to those instructions relating to the witness Hazel Cobb as an accomplice or principal, error, if there be any, would not be ground for a new trial, since the court granted a new trial as to the charges with reference to which she testified and may have been an accomplice, and subsequently those counts were dismissed.

Error is assigned because the court instructed the jury that it was immaterial on what date the offense was committed provided the jury believed that it was committed and that it was committed within three years prior to the filing of the information. Cases cited by appellant (*People* v. *Hatch,* 13 Cal. App. 521 [109 Pac. 1097], and *People* v. *Williams,* 133 Cal. 165 [65 Pac. 323]) holding as erroneous instructions to the effect that the jury could convict if an act in violation of law, of the kind charged, was proved as having been committed by defendant at any time within the three-year period, are not in point. The vice of the instructions in the cases cited is that they authorized the jury to convict if any such unlawful act was proved to have been committed within three years. The instruction here is that it is immaterial on what day *the offense charged* was committed, provided the jury believed that *the same* was committed within three years. Furthermore, as to the crimes of which appellant now stands convicted, the offenses were proved as having occurred on the dates charged in the information, and the jury was in-

structed that "any verdict that you reach must express the individual opinion of each as well as the unanimous agreement of all". If the jurors followed the latter instruction, as we presume they did, it follows that as to each verdict they found defendant guilty as to the same act. The case does not, therefore, fall in that class of cases in which it might be said that as a result of the instruction the individual jurors may each have based his verdict upon a different occurrence.

Other errors claimed by appellant in the giving of instructions alleged misconduct of the prosecutor and rulings by the court on objections during the taking of testimony have been examined by us and we find no prejudicial error.

The judgment and order denying a new trial are affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1935.