[Crim. No. 3950.  Second Dist., Div. Two.  Dec. 7, 1945.]

THE PEOPLE, Respondent, v. GUY SCHOONDERWOOD, . Appellant.

George Finucane for Appellant.

Robert W. Kenny, Attorney General, and Everett W. Mattoon, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty on two counts of violating section 702 of the Welfare and Institutions Code (contributing to the delinquency of a minor), after trial before the court without a jury, defendant appeals.

The evidence being viewed in the light most favorable to the People (respondent), the essential facts are:

On or about January 12th and 20th, 1945, defendant committed acts of perversion with the body of a boy fourteen years of age. (Count two of the indictment.) On or about April 18, 1945, defendant committed another act of perversion on the body of a boy fifteen years of age. (Count three of the indictment.)

Defendant relies for reversal of the judgment on three propositions which will be stated and answered hereunder seriatim:

First: *The trial judge was disqualified from hearing and determining the cause.*

This proposition is untenable. The objection that a trial judge is disqualified from hearing issues of fact in a case must be made before the commencement of a hearing of *any issue of fact* in the action. (Code Civ. Proc., § 170, subd. 5; *People* v. *Sweet,* 19 Cal.App.2d 392, 396 [65 P.2d 899].)

In the present case no objection of any nature was made

in the trial court relative to the qualifications of the trial judge. The objection is raised for the first time on appeal. Therefore, under the rule above stated, it comes too late and any objection that defendant might have had to the qualifications of the trial judge he has waived by failing to make the objection before the trial court.

█ Second: *The evidence was insufficient to support the trial court's findings that defendant was guilty as charged in counts two and three.*

This proposition is also without merit. Earl Smith, a boy fourteen years of age, testified that defendant committed acts of perversion with him on two separate occasions, viz., on Friday, January 12, 1945, and Saturday, January 20, 1945. Such testimony constituted substantial evidence to sustain the verdict of guilty as to count two.

Daniel Smith, a boy age fifteen, testified that on April 18, 1945, defendant committed an act of perversion with him. This testimony sustains the verdict of guilty under count three of the indictment.

Further discussion of the sordid details as disclosed by the evidence would serve no useful purpose.

█ Third: *The trial court erred in refusing to require the district attorney to elect as to the particular date of the offenses upon which he was relying for conviction.*

This proposition is likewise untenable. In prosecutions under section 702 of the Welfare and Institution Code (contributing to the delinquency of a minor) it is unnecessary for the People to make an election as to the particular date of the act or acts causing or tending to cause a person under the age of 21 years to lead a dissolute or immoral life. This section is based upon and is almost identical with the provisions of Statutes of 1915, chapter 631, section 21 as amended by Statutes of 1921, chapter 504, known as the Juvenile Court Law. Under the provisions of the statute just mentioned it was held that the gist of the violation of the statute consisted in the doing of *one or a series of acts* prohibited by the statute. Hence it was not necessary for the district attorney to elect and rely on any specific date or dates in proving an offense charged under such law. (*People* v. *Koosistra,* 58 Cal. App. 277, 279 [208 P. 316]; *People* v. *Oliver,* 29 Cal.App. 576, 580 et seq. [156 P. 1005].)

In *People V. Koosistra, supra,* the court said at page 279: "Under the juvenile court law it is permissible to show

any conduct on the part of a person toward a minor which either causes or tends to cause such minor to become a delinquent, even though such conduct may consist in the doing of one act only or of a series of acts. (*People* v. *Oliver*, 29 Cal. App. 576 [156 P. 1005].)''

*State* v. *Ewing*, —— Ore. —— [149 P.2d 765], is an Oregon case and therefore it is not authority in view of the decisions of the appellate courts of our state announcing a contrary rule. (*Rast* v. *Van Deman & Lewis Co.*, 240 U.S. 342 [36 S.Ct. 370, 60 L.Ed. 679]; *Tanner* v. *Little*, 240 U.S. 369 [36 S.Ct. 379, 60 L.Ed 691].)

*People* v. *Stangler*, 18 Cal.2d 688 [117 P.2d 321], is not here in point, for in such case the violation was of the provisions of section 288 of the Penal Code and not of section 702 of the Welfare and Institution Code.

*People* v. *Wilhite*, 49 Cal.App. 246 [193 P. 151], is not in conflict with the law as above stated. The language appearing on page 249* is merely dictum insofar as the inference may be drawn therefrom that it is necessary to rely upon a particular date when charging an offense under the juvenile court law. The law on the subject is clearly stated as being to the contrary in the subsequent decision of *People* v. *Koosistra, supra,* in which case the Supreme Court denied an application for a hearing.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

---

*The language referred to in *People* v. *Wilhite, supra,* is this:

''The appellant claims that the court erred in giving the following instruction to the jury: 'The prosecution in this case has selected the alleged acts of the defendant set forth in the information and testified to by witness Bessie Robertson, as having occurred on or about the twenty-first day of June, 1918, and has elected to rely on proof of such acts for a conviction in this case. Testimony has been introduced by the prosecution tending to prove other acts and conduct of the defendant toward said Bessie Robertson of a similar character to those alleged in the information. This evidence is introduced for the purpose of proving the disposition and tendency of the defendant to commit acts such as those alleged in the information and relied upon by the prosecution, and such evidence is not introduced to prove distinct offenses, but as corroborative evidence tending to support the one specific offense for which the defendant is being tried.' The giving of this instruction was not erroneous.''