[Crim. No. 4060. Second Dist., Div. Two. Dec. 19, 1946.]

THE PEOPLE, Respondent, v. GOLDIE LOWELL et al., Appellants.

Abbott C. Bernay and Everett H. Mills for Appellants.

Robert W. Kenny, Attorney General, and Ruth Bernfeld, Deputy Attorney General, for Respondent.

WILSON, J.—Appellants were charged, each in a separate information, with having contributed to the delinquency of minors, the specific charges being that each engaged in an act of sexual intercourse with a different minor on a different date. When the cases came on for trial appellants stipulated, and the district attorney agreed, that the two informations be consolidated for the purpose of trial and that appellants be tried together. Both were convicted, both made motions for new trials which were denied, and both have appealed from the respective judgments of conviction and from the orders denying new trials.

The only reasons advanced for the reversal of the judgments are (1) that the court erred in admitting evidence of other offenses than the acts of sexual intercourse specifically referred to in the informations, and (2) errors in giving and failing to give instructions to the jury.

The informations are in the customary form. Each appellant was charged with the crime of contributing to delinquency in that on or about a specific date and on occasions within one year prior to the filing of the information she did wilfully and unlawfully engage in an act of sexual inter-

course with a named minor, one of them 17 years of age, the other 16, "and did commit acts and conduct tending to cause said minor to lead an idle, dissolute, lewd and immoral life, . . . all of which . . . did cause and manifestly tend to cause the said minor [naming him] to become and to remain a person within the provisions of one or more of the subdivisions of Section 700, Welfare and Institutions Code of the State of California."

Section 702 of said code provides that any person who commits any act which causes or tends to cause or encourage any person under the age of 21 years to come within the provisions of section 700 is guilty of a misdemeanor. (Section 700(k) extends the jurisdiction of the juvenile court to any person under the age of 21 years "who is leading, or from any cause is in danger of leading, an idle, dissolute, lewd, or immoral life."

1. *Objections to evidence concerning acts other than those specified in the information.* Appellants are sisters, each residing in her own home. The evidence shows that Mrs. Lowell's home, during the absence of her husband in the Navy, was a rendezvous for teen-aged boys and girls, and that Mrs. Rightmier was frequently present when the juvenile parties were had.

Each of the minors testified in detail as to numerous acts of sexual intercourse which he had had with the defendant with whom his name is connected in the respective informations. Appellants complain of the admission of evidence (1) that they drank intoxicating liquor in the presence of the minors; (2) that the minors drank intoxicating liquor which was furnished by appellants; (3) that other minors were present and partook of intoxicating liquors when the minors named in the informations were present; (4) that when one or both of the minors specifically involved were present, appellant Lowell permitted a boy and a girl, both under age, to occupy a bedroom in her home for the purpose of committing an act of sexual intercourse, and that she stood guard at the door to prevent other persons from entering; (5) that appellants performed strip-tease dances in the presence of the named minors and others and committed other acts contributing to their delinquency.

■ The prosecution was not limited in its proof to the particular acts described in the respective informations, but under the charge of contributing to delinquency was entitled

to prove any other act causing or tending to cause either of the minors to lead an idle, dissolute, lewd or immoral life. Evidence of the acts of sexual intercourse specified in the informations having been offered, it was permissible to prove other acts committed by appellants tending to contribute to the delinquency of the minors. Evidence of similar acts committed with other minors in the presence of those named was admissible. (*People* v. *Hunt,* 17 Cal.App.2d 284, 286 [61 P.2d 1208]; *People* v. *MacDonald,* 53 Cal.App. 488, 491 [200 P. 491]; *People* v. *Ciulla,* 44 Cal.App. 719, 722 [187 P. 46]; *People* v. *Huston,* 21 Cal.2d 690, 695 [134 P.2d 758].)

■ Evidence is permissible of the general surroundings under which the act described in the information took place for the purpose of showing that the minor was encouraged or induced to become or was in danger of becoming a delinquent person. (*People* v. *Baker,* 38 Cal.App. 28, 35 [175 P. 88]; *People* v. *Ferello,* 92 Cal.App. 683, 689 [268 P. 915].)

■ The crime charged was not that of having engaged, on one occasion, in an act of sexual intercourse with a minor. Only one crime is named in the information, to wit, that of having contributed to the delinquency of a minor by a series of acts, one of them an act of sexual intercourse, tending to cause him to come within the juvenile court law — section 700 of the Welfare and Institutions Code. Under that statute evidence is admissible to show any conduct on the part of a person toward the minor named in the information which causes or tends to cause him to become a delinquent, whether such conduct consists in the doing of one act or a series of acts (*People* v. *Koosistra,* 58 Cal.App. 277, 279 [208 P. 316]; *People* v. *Oliver,* 29 Cal.App. 576, 580 [156 P. 1005]), and the district attorney is not required to elect as to any particular date or act upon which to rely for conviction. (*People* v. *Schoonderwood,* 72 Cal.App.2d 125, 127 [164 P.2d 69].) The cases relied on by appellants (*People* v. *Anthony,* 185 Cal. 152 [196 P. 47]; *People* v. *Elliott,* 119 Cal. 593 [51 P. 955]; *People* v. *Asavis,* 22 Cal.App.2d 492 [71 P.2d 307]; *People* v. *Rogers,* 26 Cal.App.2d 371 [79 P.2d 404]) are not applicable here. They are the usual type of sex cases in which evidence is held to be inadmissible concerning acts engaged in by the accused with other persons at other times than that named in the information and out of the presence of the victim involved in the case on trial.

■ Then, too, much of the evidence concerning the acts engaged in by appellants with minors other than those named in the informations was induced and warranted by the testimony given by appellants on direct examination by their own counsel. For example, Mrs. Lowell was asked: (1) "Have you ever been present in the house when any act of sexual intercourse took place between any other parties?" (2) "Did you ever see your sister do anything that you thought was wrong?" To each question her answer was in the negative. She was asked other questions by her counsel with reference to what had occurred at her home when both she and Mrs. Rightmier were present. To all such questions her answers were to the effect that nothing took place of a nature that would have contributed to the delinquency of a minor. These questions opened the door for the cross-examination which followed relating to other acts committed by both the witness and her codefendant, Mrs. Rightmier. She was asked by the district attorney concerning an act of sexual intercourse between a boy and a girl in her home with her knowledge and connivance; whether she and Mrs. Rightmier drank intoxicating liquor in the presence of the minors; whether they furnished liquor to the minors; whether she engaged in acts of sexual intercourse with several other minor boys when those named in one or both of the informations were present in the house. She denied all such activities. Her direct examination having opened the road to cross-examination on these matters, it was not error to admit evidence contradicting her statements, especially in view of the fact that one or both of the minors whose names appear in the informations were present at the time the acts took place. (See cases hereinbefore cited.)

In the instant case the acts contributing to the delinquency of the two named boys continued over a period of nearly three years. The Lowell home was a meeting place for minors of both sexes. One or both of the minors specifically named were present at the times referred to in the evidence. All the acts committed by appellants concerning which evidence was received contributed to the delinquency of the minors and caused them to become within the provisions of section 700(k) of the Welfare and Institutions Code. There was no error in the admission of evidence.

2. *Alleged errors in instructions to the jury.* (a) Appellants assign as error the failure of the court to give an instruc-

tion to the effect that the jury must agree upon the particular act or acts committed by appellants constituting the crime of contributing. This contention is based upon the fact that evidence was admitted, to which we have referred, concerning acts and conduct of appellants other than the acts of sexual intercourse with the minors named but occurring in their presence.

 The informations did not charge as crimes the acts of appellants in engaging in sexual intercourse with the minors, but charged the crime of ''contributing to delinquency'' committed in the manner hereinbefore related, including not only the acts of sexual intercourse but other acts and conduct tending to cause the respective minors to lead idle, dissolute, lewd and immoral lives and to become persons defined within section 700 of the Welfare and Institutions Code. An information charging the crime of contributing and specifying a particular act on the part of each defendant, together with an allegation that such misconduct caused or tended to cause the named minor to become delinquent is a sufficient pleading. (*People* v. *Wortman,* 137 Cal.App. 339, 341, 342 [30 P.2d 565] ; *People* v. *Oliver,* 29 Cal.App. 576, 579 [156 P. 1005] ; *People* v. *McDougal,* 74 Cal.App. 666, 669, 671 [241 P. 598].) ''The purpose of [the] statute is to make criminal the commission of any act tending to cause minors to become dependent or delinquent.'' (*People* v. *McDougal, supra,* p. 670.) It was no more necessary to advise the jury that they must agree upon a particular one of the several acts shown by the evidence to have been committed than to have required the district attorney to elect as to the act on which to rely for conviction. (*People* v. *Schoonderwood,* 72 Cal.App.2d 125, 127 [164 P.2d 69].)

 The jury was instructed that they were to try the issues of fact presented by the allegations in the informations ; that the defendants were entitled to the individual opinion of each juror on the issue of fact in the case; that any person who should commit any act which would cause or tend to cause any person under the age of 21 years to come within the provisions of section 700 of the juvenile court law is guilty of a misdemeanor; that if the jury should find from all the evidence beyond a reasonable doubt that defendants were guilty of the conduct alleged in the respective informations and that such conduct would manifestly encourage a minor to lead an idle, dissolute, lewd or immoral life, then they should find the

defendants guilty. Since the informations charged the crime in the words of the statute there was no error in the instructions that copied the language of both the informations and the law. Such instructions were held sufficient in *People* v. *Young*, 44 Cal.App. 279, 282 [186 P. 383], and *People* v. *Shekell*, 5 Cal.App.2d 537, 540 [43 P.2d 328].

A charge of contributing to delinquency in the language contained in the informations in the instant case bears no analogy to the decisions relied on by appellants. In *People* v. *Scofield*, 203 Cal. 703 [265 P. 914], the prosecution was under the Vehicle Code for having failed to stop and render aid. Any one of five specific acts would have constituted the offense, no one of which was necessarily related to the others. The court held that the jury should have been instructed that they should agree on one of the particular offenses. In *People* v. *Dutra*, 75 Cal.App.2d 311 [171 P.2d 41], the defendant was charged with having induced a minor "to perform acts and to so live as would cause or manifestly tend to cause" him to become delinquent. The jury was instructed that if the defendant had committed any act or omitted the performance of any duty that would tend to cause the minor to lead an idle, lewd, dissolute or immoral life, a verdict of guilty should be returned. The information was manifestly insufficient in that it did not charge any specific act or acts to have been done by the defendant. (*People* v. *Giminiani*, 70 Cal.App. 195, 199 [232 P. 993]; *People* v. *Wortman*, 137 Cal.App. 339, 342 [30 P.2d 565].) The defect in the information entitled the defendant to a reversal, hence the statement that it was error not to have instructed the jury that their verdict should be based on one specific act upon which they all should agree was dictum. Furthermore, an examination of the cases cited in the opinion will reveal that for the same reasons referred to in the discussion of *People* v. *Scofield*, *supra*, they do not sustain the text.* These cases obviously have no application to an infor-

---

*In *People* v. *Williams*, 133 Cal. 165 [65 P. 323], the defendant was charged with rape on the person of a girl 13 years of age. She testified as to numerous acts that occurred during a period of four months, each of which constituted a separate offense. It was held that one of the several offenses should have been selected on which to base a conviction. In *People* v. *Hatch*, 13 Cal.App. 521 [109 P. 1097], a prosecution for embezzlement, several misappropriations of money were proved though only one was charged in the indictment. It was held that the jury should have been required to agree on one particular offense. *People* v. *Campridon*, 204 Cal. 701 [268 P. 372], is a reaffirmation of *People* v. *Scofield*, which is distinguished from the instant case in the text of the opinion.

mation in the form of those filed against these appellants in which the crime charged is contributing and a specific act is alleged as one of the causes of delinquency.

 (b) Appellants contend that the court should have instructed the jury that their failure to explain or deny evidence against them created no presumption of guilt. Such an instruction was not requested by appellants and it was rendered unnecessary by their categorical denials of having engaged in acts of sexual intercourse with the minors whose names appear in the informations, or with any other minors; denials that they permitted minors to engage in acts of sexual intercourse in Mrs. Lowell's home; denials of having engaged in strip-tease dances or of having furnished intoxicating liquor to the minors. Since they denied all incriminating evidence introduced against them an instruction concerning their failure to deny was unnecessary and would have been surplusage.

 (c) Complaint is made that the court failed to instruct the jury to the effect that extra judicial admissions of appellants should be viewed with caution. The instruction was unnecessary since this is not a case where the prosecution relied for conviction substantially, if at all, on evidence of appellants' oral admissions or confessions. Such evidence was minuscule in comparison with the other proof of guilt. The testimony of the various minors who were present upon numerous occasions in the Lowell home and there consumed intoxicating liquor, engaged in sexual intercourse with appellants, and observed the other acts herein described, is so overwhelming that the evidence of the oral statements of appellants could not have influenced the jury and does not require notice.

The respective judgments and orders denying new trials are affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied December 30, 1946, and appellants' petition for a hearing by the Supreme Court was denied January 16, 1947.