[Crim. No. 8912. Third Dist. Aug. 17, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD EARL EWING, Defendant and Appellant.

716

**COUNSEL**

Junius T. Podrug, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Kenneth R. O'Brien, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FRIEDMAN, J.**—Defendant went to trial on charges of second degree murder of Devone Lee McMurray (a child of 13 months) and of abusing the child under circumstances likely to produce great bodily harm or death. (Pen. Code, § 273a, subd. (1).) The jury returned a guilty verdict on the latter charge but deadlocked on the first. A mistrial was declared as to the first charge. Defendant appeals from the judgment.

In brief summary, the prosecution evidence showed that defendant lived with the child's mother and was frequently left alone with the child; on various occasions in September, October and November 1975, the child suffered scratches, scalds, burns and bruises which defendant attributed to accident or carelessness. On November 10, 1975, the child was brought to a hospital exhibiting head bruises and suffering from three separate subdural hematomas, one of which proved fatal. The attending doctor found evidence of other wounds and of several burns. He and another doctor discounted accident as an explanation for the injuries. Both doctors testified to "a reasonable medical certainty" that the child was a victim of the battered child syndrome.

The information charged that defendant had inflicted or caused the child to suffer great bodily harm between July 1, 1975, and November 10, 1975.

 A prime issue on appeal is whether the trial court should have given a *sua sponte* jury instruction declaring that a finding of guilt would require the jurors to agree that defendant committed the same act or acts. (See, e.g., CALJIC No. 17.01.)

"If a defendant has been prosecuted for violation of a statute under which any one of several different acts could constitute the offense, the jury must be told that a verdict of guilty must be supported by a unanimous finding that one of the acts was committed." (*People* v. *Heideman,* 58 Cal.App.3d 321, 333 [130 Cal.Rptr. 349].) Other statutes, in contrast, may be violated by a continuous course of conduct or by a series of acts over a period of time. Thus, in a prosecution for contributing to the delinquency of a minor, the prosecutor is not required to make an election as to any particular date or act; nor is the court required to call upon the jury for unanimity as to any particular act or acts. (*People* v. *Lowell,* 77 Cal.App.2d 341, 345-347 [175 P.2d 846]; see also, *People* v. *Schoonderwood,* 72 Cal.App.2d 125, 127 [164 P.2d 69]; cf. *People* v. *Dutra,* 75 Cal.App.2d 311, 321-322 [171 P.2d 41].)

Penal Code section 273a is a statute of the latter variety. It punishes the acts generally classed as child abuse. (*People* v. *Wright,* 60 Cal.App.3d 6, 10 [131 Cal.Rptr. 311].) A medical diagnosis of "battered child syndrome" is admissible as evidence in child abuse prosecutions; the syndrome denotes repeated, sometimes serious, injuries inflicted over a span of time; their nature, severity and number are such as to preclude an inference of accident. (*People* v. *Jackson,* 18 Cal.App.3d 504, 507 [95 Cal.Rptr. 919]; see also *Landeros* v. *Flood,* 17 Cal.3d 399, 408-409 [131 Cal.Rptr. 69, 551 P.2d 389].) Although the child abuse statute may be violated by a single act (see e.g., *Lansdown* v. *Superior Court,* 10 Cal.App.3d 604 [89 Cal.Rptr. 154]), more commonly it covers repetitive or continuous conduct. (See e.g., *People* v. *Wright, supra,* 60 Cal.App.3d 6; *People* v. *Atkins,* 53 Cal.App.3d 348 [125 Cal.Rptr. 855]; *People* v. *Beaugez,* 232 Cal.App.2d 650 [43 Cal.Rptr. 28].) Here, the information alleged a course of conduct in statutory terms which had occurred between two designated dates. The issue before the jury was whether the accused was guilty of the course of conduct, not whether he had committed a particular act on a particular day. The instruction requiring jury unanimity as to particular acts was inappropriate. Its omission was not error.

 Defendant charges lack of substantial evidence to support the verdict. As is usual in these cases, the defendant was alone with the child much of the time; his denials of guilt formed the only direct evidence; the incriminatory evidence was entirely circumstantial. The test on appeal is whether the verdict is supported by substantial evidence; the reviewing court views the evidence in the light most favorable to the prosecution and presumes in favor of the verdict every fact which the jury could reasonably deduce from the evidence; if circumstantial evidence reasonably supports the verdict, the appellate court will not reverse. (*People* v. *Mosher,* 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659].) From the prosecution evidence, the jury could reasonably infer that defendant had deliberately inflicted severe injuries upon the child.

Defendant charges that section 273a is void for vagueness. That claim has been settled adversely to defendant. (*People* v. *Harris,* 239 Cal.App.2d 393, 395-397 [48 Cal.Rptr. 677]; *People* v. *Beaugez, supra,* 232 Cal.App.2d at pp. 655-658.)

Judgment affirmed.

Puglia, P. J., and Janes, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 13, 1977.